STATE OF NORTH CAROLINA v. BILLY RAY MACKEY

No. 8126SC585

(Filed 16 February 1982)

**Searches and Seizures § 11— warrantless search of van—absence of probable cause**

> An officer did not have probable cause to search defendant's van for marijuana without a warrant where the officer knew only that a warrant had been issued for a search of a certain house for marijuana, that a small quantity of marijuana was found in the house along with packaging material for a much larger quantity, that immediately after a search of the house an all-points bulletin was put out for a blue Ford van and that the van which the officer subsequently searched matched that description, and the officer knew nothing of what a confidential informant had told a second officer about the possible use of the van for the storage or transportation of marijuana.

APPEAL by State from order of *Snepp, Judge.* Order entered 30 January 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 November 1981.

Defendant was charged in three separate indictments with felonious possession of marijuana, felonious possession of marijuana with intent to sell and deliver and felonious trafficking in marijuana. State stipulated that the prosecution of defendant on the charges arose out of the search of defendant's 1980 Ford van and the seizure, incidental to that search, of 418 pounds of marijuana.

Defendant filed a motion to suppress the marijuana. At a voir dire on 14 January 1981, thirty-five factual stipulations between State and defendant were introduced. They established the following pertinent facts:

In the spring of 1980, Officer J. S. Vail of the Charlotte Police Department received information from a reliable confidential informant that a certain house on Valley Road in Matthews, North Carolina, was being used as a storage point for large quantities of marijuana. Vail began surveillance of the house and observed defendant and defendant's blue Ford van there on several occasions. On the morning of 3 September 1980 Vail's informant told him that defendant had just brought a large quantity of marijuana to the house on Valley Road in his van where it was to be broken down and packaged for sale. The informant also stated

that if the marijuana were moved to another location, it would be moved in defendant's van. Immediately after receiving this information, Vail drove to the house on Valley Road and observed defendant's blue Ford van parked in the driveway. He returned to the Police Department and obtained a warrant to search the premises on Valley Road. The application for the warrant sworn to by Officer Vail set forth the following facts to establish probable cause for the search:

> I, J. S. Vail, have received information from a confidential and reliable informant who stated to me that a Bill Mackey and a Larry Campbell have in their possession at 9430 Valley Rd., Matthews, Meck. Co., North Carolina, U.S.A., a quantity of marihuana. This informant stated to this applicant that he has been inside the residence located at 9430 Valley Rd., Matthews, Meck. Co., N.C., U.S.A., within the past 48 hrs and has observed a quantity of marihuana inside this residence. This informant is familiar with marihuana, how it is packaged and distributed, and has related to this affiant that he has smoked marihuana in the past. This affiant has known this informant for approximately 8 months. This informant has given this affiant intelligence information on illegal drug traffic in the Charlotte Mecklenburg, N. C. area, which I have found to be true through my own independent investigations. This informant has given me information in the past that has led to the purchase of substances listed in the N. C. Controlled Substances Act, by an undercover police officer. These case are listed under compliant (sic) numbers 80-34894, 80-32410 and 80-31761. Based on the information contained in this application and the proven reliability of the aforementioned informant, I, J. S. Vail, request that a Search Warrant be issued for Bill Mackey, Larry Campbell and for 9430 Valley Rd., Matthew, Meck. Co., N. C., U.S.A., and any other occupants.

After obtaining the warrant, Officer Vail and Officer C. H. Parker returned to the Valley Road house to execute it. When they arrived, the blue van was gone, and no one was in the house. A search of the house produced five to six pounds of marijuana, a set of scales, and some large paper bags with marijuana residue in them. After the search, Vail put out an all-points bulletin over his police radio describing the blue Ford van and defendant. He

asked that a marked police car check the rear of the apartment building at 811 East Morehead Street where he had seen the van parked on prior occasions. Vail and Parker were notified shortly thereafter that the van was in fact parked at the rear of that building. Upon arriving there, Vail left to search for a subject who had been seen leaving the building. Parker looked in the van's front window but could not see into the rear of the van because of a partition behind the seat. He then located defendant in the apartment building, identified himself as a police officer and informed defendant that he had a warrant to search the van. Defendant allowed Parker to search the van after Parker read the search warrant to him. Parker discovered and seized from the van the 418 pounds of marijuana upon which the present charges are based. Prior to the search Parker had never seen defendant. He had not been involved in Officer Vail's surveillance of the Valley Road house and had had no communications with Vail's informant.

Officers Vail and Parker both testified at the voir dire hearing. Officer Parker stated that he had been with Vail on the morning of 3 September 1980 prior to Vail's obtaining the search warrant and had observed the blue van parked in front of the Valley Road house. He further stated that Vail knew who owned the van and that they had discussed it along with the information which Vail had from his confidential informant.

In its order, the trial court incorporated the thirty-five stipulations between State and defendant into its findings of fact. It further found that prior to his execution of the search warrant on defendant's van, Officer Parker knew nothing of what any confidential informant had told Officer Vail about the possible use of the van in the storage or transportation of marijuana and had no independent knowledge of his own or from any other confidential informant concerning the possible use of the van in the storage or transportation of marijuana. The court concluded that although the search warrant contained sufficient probable cause to permit a valid search of the Valley Road house, it did not authorize a search of defendant's van and that Officer Parker did not have sufficient probable cause nor were there sufficient exigent circumstances to justify a warrantless search of the van. Defendant's motion to suppress was allowed.

State appeals from the allowance of defendant's motion.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*James, McElroy & Diehl, by Gary S. Hemric, for defendant appellee.*

MORRIS, Chief Judge.

State contends that the trial court erred in holding that there was neither probable cause nor exigent circumstances for the search and seizure conducted by Officer Parker. State does not contest the court's holding regarding the insufficiency of the search warrant to justify that search.

A warrantless search of an automobile may be constitutionally reasonable if there is probable cause to make the search. *Carroll v. U.S.*, 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280 (1925); *State v. Ratliff*, 281 N.C. 397, 189 S.E. 2d 179 (1972); *State v. Chambers*, 41 N.C. App. 380, 255 S.E. 2d 294, *disc. rev. denied*, 297 N.C. 698, 259 S.E. 2d 296 (1979).

> Automobiles and other conveyances may be searched without a warrant under circumstances that would not justify the search of a house, and a police officer in the exercise of his duties may search an automobile or other conveyance without a search warrant when the existing facts and circumstances are sufficient to support a reasonable belief that the automobile or other conveyance carries contraband materials.

*State v. Simmons*, 278 N.C. 468, 471, 180 S.E. 2d 97, 99 (1971).

We note that the record contains no exceptions to the findings of fact or conclusions of law in the order appealed from. The court's findings are therefore deemed to be supported by substantial competent evidence and are conclusive on appeal. *Rice v. Peters, Comr. of Motor Vehicles*, 48 N.C. App. 697, 269 S.E. 2d 740 (1980). In addition, the scope of·review is limited to whether the trial court's order is supported by the findings of fact and conclusions of law. App. R. 10(a).

The question facing us, therefore, is whether Officer Parker had probable cause, on the facts found by the trial court, to search defendant's van for contraband. Although Officer Parker

testified at the voir dire that he had personally seen the blue van at the Valley Road house prior to the search of that house and that Officer Vail had discussed with him the information imparted to him by his informant, the trial court found that Parker had no knowledge, either independently or from Vail, of the van's possible use in the storage or transportation of the marijuana. As previously stated, this finding is conclusive on appeal.

Under the facts as found by the trial court, Parker knew only that a search warrant had been issued for the house on Valley Road based on probable cause to believe that a quantity of marijuana would be found there, that a small amount of marijuana was in fact found in the house along with packaging material for a much larger quantity, that immediately after the search, Officer Vail put out an all-points bulletin for a blue Ford van and that the van which Parker subsequently searched matched that description.

These facts are distinguishable from the facts in *State v. Phifer*, 290 N.C. 203, 225 S.E. 2d 786 (1976) and *State v. Frederick*, 31 N.C. App. 503, 230 S.E. 2d 421 (1976) where probable cause was found. In *Phifer*, the officer conducting the warrantless search of an automobile had been informed by the radio dispatcher that the car had been seen outside a bank during a robbery and shooting at the bank. In *Frederick*, the officer conducting the warrantless automobile search had been told by another officer of information received from a confidential informant connecting the car and its occupants with a recent breaking and entering.

From the facts as found by the court in the present case, Officer Parker knew of no connection between defendant's van and the marijuana which had apparently been removed from the house on Valley Road. On these facts the trial court properly concluded that Officer Parker did not have probable cause to search the van.

There being no probable cause for the warrantless search, we need not reach the question of whether there were exigent circumstances to support it. The order is

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.