STATE OF NORTH CAROLINA v. MILTON JOSEPH FORD

No. 8315SC1048

(Filed 4 September 1984)

1. Searches and Seizures § 11— probable cause to search vehicle

An officer had probable cause to believe that contraband was concealed in a vehicle driven by defendant so that a search of the vehicle was lawful where the officer had received radio messages informing him that the vehicle was stolen and that the vehicle and its occupants fit the description of the vehicle and persons involved in an armed robbery a few hours earlier.

2. Criminal Law § 66.9— photographic identification procedure—no impermissible suggestiveness

Photographic procedures in which two witnesses identified defendants as the perpetrators of an armed robbery were not impermissibly suggestive where each witness had an ample opportunity to observe the robbers at close range in a well-lighted store; the witnesses were able to identify each defendant from the photographic lineup without any hesitation; the identification occurred only a few hours following the robbery; and the individuals selected resembled initial descriptions of the robbers given by the witnesses.

**3. Criminal Law § 92— joinder on oral motion—no error**

The State's motion for joinder of defendants' cases made at the beginning of trial came within the purview of G.S. 15A-951 and was not required to be in writing.

**4. Robbery § 4.3— armed robbery—endangering life—use of shotgun**

Evidence that one robber held a sawed-off shotgun less than a foot from a storekeeper's body was sufficient to prove that defendant endangered or threatened the storekeeper's life so as to support conviction of defendant for armed robbery.

APPEAL by defendant from *Bowen, Wiley F., Judge.* Judgment entered 8 December 1982 in ALAMANCE County Superior Court. Heard in the Court of Appeals 20 August 1984.

On 21 June 1982 Harvey Burnette, Jr., was employed at Joe's Shopwell Mini-Mart (hereinafter Joe's) in Burlington. Sometime between 12:00 a.m. and 1:00 a.m. two black males, one armed with a sawed-off shotgun, entered the store and robbed Burnette of $360.00. The store was well lighted and Burnette was able to view the robbers for two or three minutes. Gregory Saunders, another store employee, was able to observe the robbers for three or four minutes in the store's parking lot prior to the robbery.

At approximately 3:30 a.m. Officer Kusz, a Durham Public Safety Officer, received a radio message reporting two suspicious black males in a light green Cadillac at the Guess Road exit to I-85. In route to investigate the complaint he received another radio communication which indicated that the occupants of the car were suspects in a Burlington robbery. As he was in the process of stopping the car, Kusz was advised by radio that the car had been reported stolen. Officer Kusz arrested the defendant, the car's driver, on the charge of possession of a stolen vehicle. Pursuant to the arrest and based upon his suspicion that he was involved in the robbery, Kusz and the officers assisting him searched the defendant and the Cadillac. Officer Kusz found $150.00 on defendant's person. Officer T. E. Oliver who came to the scene to assist Kusz searched the vehicle and found a sawed-off shotgun, some shotgun shells, and a toy gun in the automobile's trunk.

Later that morning, Burnette went to the Burlington Police Department and gave descriptions of the individuals who robbed him. Burnette was then shown two groups of photographs; one set

containing a picture of defendant and another group containing a picture of the other occupant of the green Cadillac. Burnette selected defendant and the other occupant of the vehicle as the persons who robbed him. Saunders also identified the same individuals in a separate photographic lineup.

Prior to trial defendant made motions to suppress the out-of-court and in-court identification of him by Burnette and Saunders, and to suppress the physical evidence seized from the defendant and the vehicle he was driving. Following a hearing on the motions, Judge Lewis entered an order on 6 November 1982, denying the motions.

At the conclusion of the pre-trial hearing on defendant's motions to suppress, the state made an oral motion for joinder of defendant's case with that of the other occupant of the vehicle. No ruling was made on the motion. At trial, the prosecutor again orally moved to join the cases. This motion was granted over the objection of the defendant.

At trial the state offered evidence which tended to show the facts set forth above. Defendant offered evidence tending to show an alibi defense. Defendant was convicted of robbery with a firearm and was sentenced to 14 years imprisonment, the minimum term allowed for such a conviction. From the judgment defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Holt, Spencer, Longest & Wall, by N. Madison Wall, II, for defendant.*

WELLS, Judge.

Defendant contends the court erred by denying his motion to suppress the evidence seized pursuant to the search of his person and the vehicle, and by denying the motion to suppress the identification of the defendant, by joining the defendant's case for trial with the other occupant of the vehicle and by denying his motion to dismiss at the close of all the evidence for failure of the state to present sufficient evidence to take the case to the jury. We disagree with defendant's contentions and find no error in defendant's trial.

[1]  Defendant first argues the warrantless search of his person and of the vehicle was without probable cause and therefore illegal. He also argues that the court's order denying his motion to suppress is defective in that the evidence does not support the findings of fact and the findings of fact do not support the conclusions of law in the order.

Where police officers have probable cause to believe that contraband is concealed somewhere within a legitimately stopped automobile, they may conduct a search of the automobile that is as thorough as a magistrate could have authorized in a warrant. *United States v. Ross*, 456 U.S. 798 (1982). An officer has probable cause to believe that contraband is concealed within a vehicle when given all the circumstances known to him, he believes there is a "fair probablility that contraband or evidence of a crime will be found" therein. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317 (1983).

The trial court in its order denying defendant's motion to suppress made the following findings of fact:

On or about the 21st day of June, 1982 at midnight a business known as Joe's Shopwell, located at South Mebane Street in the City of Burlington, N.C., was robbed when two black males entered the business and demanded that the person in attendance, Harvey Burnette, give them monies from the store. One black male was described as wearing an orange T-shirt and carrying a handgun, the other wearing a light-colored shirt and bow tie. The latter was carrying a sawed-off shotgun. After taking the money from the place of business, the two black males left in a light green or yellow Cadillac. At approximately 3:37 A.M., Officer J. J. Kusz of the Department of Public Safety in Durham, N.C. received a radio message that two black males in a light green Cadillac were acting in a suspicious manner at a service station in Durham. While enroute to the service station, the Officer observed this Cadillac at or near the intersection of I-85 and Guess Road in Durham, N.C. and proceeded to follow the vehicle. He received other radio messages indicating that the vehicle was a stolen vehicle and that the vehicle and its occupants fit the description of the vehicle and persons involved in an armed robbery in Burlington, N.C. Officer Kusz

stopped the vehicle on the entrance ramp to I-85 and Guess Road and found the driver of the vehicle to be Milton Ford and the passenger was identified as the defendant Leroy Poindexter. Officer T. E. Oliver of the Department of Public Safety in Durham, N.C. advised Mr. Ford that he was under arrest for possession of a stolen vehicle and both Poindexter and Ford were placed under arrest for possession of a stolen vehicle. Mr. Poindexter was also placed under arrest and the officers then searched this vehicle at the place where it was stopped and Officer Oliver found in the trunk of the vehicle clothing and a sawed-off J. C. Higgins 12-gauge semi-automatic shotgun which was concealed in the pants leg of a pair of blue jeans and a silver colored toy pistol. Mr. Ford was searched after he was placed under arrest and the sum of $150 was found on his person and seized by Officer Kusz.

The defendant Ford presented evidence that he had borrowed the car from a friend and paid $35 to this unnamed person in order to transport clothing to Durham. The only clothing found in this vehicle was in the trunk and consisted of clothing, toiletries and necessities which, according to the defendant Ford, belonged to him.

Defendant failed to except to any of these findings of fact. Therefore, the question of whether there is sufficient evidence to support these findings is not before us, *State v. Cheek*, 307 N.C. 552, 299 S.E. 2d 633 (1983); *State v. Mackey*, 56 N.C. App. 468, 291 S.E. 2d 663 (1982); *Employers Insurance v. Hall*, 49 N.C. App. 179, 270 S.E. 2d 617 (1980), *cert. denied*, 301 N.C. 720, 276 S.E. 2d 283 (1981). We believe, consistent with the trial court's conclusion, that these facts support a determination that the officers had probable cause to believe that contraband was located in the vehicle. The search was therefore legal and the assignments of error are overruled.

[2]  Defendant next contends the court erred in denying his motion to suppress the out-of-court and the in-court identification of the defendant because the photographic identification procedure was impermissibly suggestive. Defendant also argues that the court's findings of fact are not supported by clear, competent and convincing evidence and that furthermore, the conclusions of law are not supported by the findings.

Defendant has again failed to object to any of the findings of fact; therefore, the question of whether there is evidence to support the findings of fact is not before us. *State v. Cheek, supra; State v. Mackey, supra,* and *Employers Insurance v. Hall, supra.* The court made the following findings of fact in its order denying the motion to suppress the identifications:

> On or about the 21st day of June, 1982 at approximately midnight, two black males entered a business known as Joe's Shopwell, on South Mebane Street in Burlington, N.C. and with the use of a sawed-off shotgun took from Harvey Burnette, the attendant, cash belonging to Joe Shopwell. One black male was described as wearing an orange T-shirt and another was wearing a light colored shirt and bow tie. The black male wearing the light shirt and bow tie had the shotgun and was standing approximately 12 inches from Mr. Burnette and on the other side of the counter. The black male wearing the orange T-shirt came around the counter and at one point was standing close enough to Mr. Burnette that Mr. Burnette could have reached out and touched him. The store was open and lit by several rows of fluorescent lights and neither black male was wearing a mask. Mr. Burnette was in their presence from some two to three minutes and had an opportunity to observe the faces and clothing of the two black males.

> Gregory Lewis Saunders was also working at Joe's Shopwell on this occasion and had gone outside the store to check on some cars and there encountered a black male with whom he conversed for three to four minutes about the directions to a house. That Mr. Saunders and this black male were standing in the parking lot at Joe's Shopwell which was lighted by the store lights inside, street lights and a store sign. Mr. Saunders was able to observe the face of this black male. This same black male drew a pistol from under his clothing and threatened Mr. Saunders who fled and as he fled observed another black male in the parking lot and observed the face and clothing of this individual.

> At approximately 8:00 a.m. on the 21st day of June, 1982, Mr. Burnette was shown two sets of photos, each set containing five to seven photographs of black males appearing to be

of the same age. These pictures were laid out before Mr.
Burnette by Det. G. W. Barrow of the Burlington Police
Department. Mr. Burnette was asked to look at the photo-
graphs and if he saw a picture of the men who robbed him to
point them out. He was not told that a suspect was in cus-
tody or that a photo of the suspect was being shown to him.
Mr. Burnette picked the defendant Ford's picture from one
set of photographs and the defendant Poindexter from the
second set of photographs. In the photographs Mr. Ford was
wearing an organge T-shirt and Mr. Poindexter was wearing
a light-colored shirt and bow tie. At the time Officer Barrow
selected the photographs for the photographic lineup, he was
not aware that the description of the suspects included an
orange T-shirt and a light-colored shirt and bow tie. Mr.
Saunders was shown the same two sets of photographs at a
later time and not in the presence of Mr. Burnette. Mr.
Saunders was shown these photographs by Officer Barrow
who laid each set down individually, as he had done with Mr.
Burnette and asked Mr. Saunders to observe the photographs
and if he saw one of the persons who had robbed the store to
point him out. Mr. Saunders selected the photograph of Mr.
Ford from the first set of photographs. He was then shown a
second set of photographs and was instructed to look at the
photographs and if he observed the other person who had
robbed the store to point him out. Mr. Saunders selected a
photograph of Mr. Poindexter as being the other subject out-
side of the business just before the robbery. Both Mr.
Burnette and Mr. Saunders testified that their in-court iden-
tification of Mr. Ford and Mr. Poindexter was based on hav-
ing observed Mr. Ford and Mr. Poindexter at the time of the
robbery.

The Court observed the witnesses Burnette and Saun-
ders and heard their testimony thereby forming an opinion
that they were credible witnesses; that both Burnette and
Saunders are black.

Based upon these findings the court concluded that the out-
of-court procedure was not so impermissibly suggestive as to give
rise to a substantial likelihood of misidentification. Five factors to
be considered when determining whether an out-of-court pro-
cedure was impermissibly suggestive are: (1) The opportunity of

the witness to view the criminal, (2) the witness's degree of atten-tiveness, (3) the accuracy of the witness's principal description, (4) the level of certainty at confrontation, and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188 (1972); *State v. Harris*, 308 N.C. 159, 301 S.E. 2d 91 (1983). In the case at bar, the following facts are clear: The witness had ample opportunity to observe the robbers at close range in a well-lighted store. The witnesses were able to identify defendant from the photographic lineup without any hesitation. The identification occurred only a few hours following the rob-bery. The individuals selected resembled the witnesses' initial description of the robber. Given these factors, we find that the trial court's conclusion that the out-of-court procedure was not unreasonably suggestive must be affirmed. The assignments of error are overruled.

[3]  Next defendant argues the court erred by allowing the state's motion to join his case with that of his co-defendant. N.C. Gen. Stat. § 15A-926(b)(2) (1975) provides for the joinder of de-fendants upon written motion. No written motion was filed in this case; however, since the motion to join these defendants for trial was made at trial we hold that the motion was proper pursuant to the provisions of N.C. Gen. Stat. § 15A-951 (1975). *See State v. Slade*, 291 N.C. 275, 229 S.E. 2d 921 (1976). Assuming *arguendo* that the court improperly allowed the motion we find no preju-dicial error since both defendants were charged with jointly perpetrating the robbery and both offered the same alibi defenses at trial. The assignment of error is overruled.

[4]  Finally, defendant contends the court erred by denying his motion to dismiss the charges at the close of the state's evidence and again at the close of all the evidence. Defendant argues that the state failed to prove that he endangered or threatened the storekeeper's life. Defendant further argues that there is no evidence from which the jury could find that Mr. Burnette even felt threatened by defendant. We find defendant's argument to be totally without merit. It is inconceivable to think that someone faced with two robbers one of which was holding a sawed-off shot-gun less than a foot from his body would not feel threatened. Defendant's assignment of error is totally without merit and therefore overruled.

Defendant had a fair trial free from prejudicial error.

No error.

Chief Judge VAUGHN and Judge HEDRICK concur.