STATE OF NORTH CAROLINA v. AMANDA ANN CASH

No. 8716SC990

(Filed 5 April 1988)

**1. Narcotics § 1.3— transporting and possessing marijuana—election not required**

The trial court did not err in denying defendant's motion to compel the State to elect between the charges of transporting and possessing marijuana.

**2. Searches and Seizures § 9— stopping car for traffic violation—no pretext for warrantless search**

There was no merit to defendant's contention that an officer's stop of her car was a pretext to conduct a warrantless search where defendant made a left turn from a right-turn lane, looked back at the policeman several times, and exceeded 80 m.p.h., and defendant admitted in her brief that a stop such as this one for a traffic violation was permissible. Therefore, a search of the trunk of the car with defendant's consent was lawful.

APPEAL by defendant from *Williams, Judge*. Judgment entered 27 May 1987 in Superior Court, ROBESON County. Heard in the Court of Appeals 9 March 1988.

This is a criminal action wherein defendant was charged in proper bills of indictment with trafficking in marijuana by transporting and by possessing in violation of G.S. 90-95(h). Defendant moved before trial that the State be required to elect to proceed either on the possessing charge or the trafficking charge. Defendant further moved to suppress evidence obtained at the time of her arrest. The court denied the motion to force an election by the State, and then held a hearing on the motion to suppress. Following the hearing, the court made findings of fact, as summarized:

On 8 November 1986, defendant was at the drive-thru window of a fast food restaurant in Lumberton when Officer Herbert Battle, an Alcohol Law Enforcement agent, pulled up behind her in an unmarked car. The restaurant clerk alerted defendant that a police officer was behind her, and she turned and looked. She then got into the right turn lane to exit the parking lot and put on a right turn signal. The officer, who was at the restaurant to get a game sticker, asked the clerk about defendant.

Defendant made a left turn, and Officer Battle followed because defendant looked back at him and because of her left turn from the right-turn lane. Defendant entered I-95, and the officer soon followed behind. After observing defendant's speed at over 80 miles per hour, the officer activated his blue light and pulled her over.

The officer smelled an odor of marijuana coming from the rear of the car as he approached it. He asked defendant for a driver's license and registration, and she gave him only an expired Maryland license. After requesting and obtaining permission from defendant to search the car, the officer searched the trunk of the car and found the evidence in question.

The court further found that the officer had authority to enforce traffic laws and having a reasonable suspicion that defendant had violated traffic laws, he violated none of her constitutional rights by stopping her. The court also found there was probable cause to search the trunk of the car because of the mari-

juana odor and that the officer obtained consent for the search. The court concluded that no constitutional rights were violated, and the motion was denied. Defendant pled guilty, the judgment was consolidated, and defendant was sentenced to seven years in prison. Defendant then appealed the denial of her motions.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Marvin D. Miller and Beaver, Holt & Richardson, P.A., by H. Gerald Beaver, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns error to the court's denial of her motion to compel the State to elect between the charges of transporting and possessing marijuana. It is well-settled that each may be punished as a separate and distinct offense, and such is not violative of any constitutional protections. *State v. Diaz*, 317 N.C. 545, 346 S.E. 2d 488 (1986); *State v. Perry*, 316 N.C. 87, 340 S.E. 2d 450 (1986); *State v. Russell*, 84 N.C. App. 383, 352 S.E. 2d 922, *disc. rev. denied*, 319 N.C. 677, 356 S.E. 2d 784 (1987). This assignment of error has no merit.

[2] Defendant next contends her constitutional rights were violated and that it was error for the court to deny her motion to suppress evidence seized from the trunk of her car. Defendant argues the officer's stop of the car was a pretext to conduct a search. In defendant's brief it is admitted that a stop such as this for a traffic violation is permissible. Defendant only argues the impermissible purpose of this stop was to search the car. The trial court found the officer had reasonable suspicion enough to stop the car for a traffic violation and that defendant "voluntarily, knowingly and intelligently consented" to the search of the trunk. Upon review of the evidence in the record, we hold there is evidence to support this finding. Evidence seized during a warrantless search is admissible if the defendant freely and voluntarily, without coercion, duress or fraud, consented to the search. *State v. Williams*, 314 N.C. 337, 333 S.E. 2d 708 (1985). For these reasons, we hold this argument is without merit.

Finally, defendant contends the officer could not properly search inside the plastic garbage bags found in the trunk of the

car. Where police officers have probable cause to believe contraband is concealed somewhere within a legitimately stopped automobile, they may conduct a search of the automobile that is as thorough as a magistrate could have authorized in a warrant. *State v. Ford*, 70 N.C. App. 244, 318 S.E. 2d 914 (1984); *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed. 2d 572 (1982). Because there was probable cause, a magistrate could have authorized a search of the garbage bags. The officer's action was within the scope of a permissible search, and defendant's motion was properly denied.

The judgment appealed from is

Affirmed.

Judges JOHNSON and ORR concur.