STATE OF NORTH CAROLINA v. KIRKWOOD PRESTON KING

No. 7929SC542

(Filed 20 November 1979)

**Searches and Seizures § 24— sufficiency of affidavit to obtain search warrant— staleness of information**

An officer's affidavit was sufficient to support a finding of probable cause for the issuance of a warrant to search defendant's residence for controlled substances on 24 August 1978 where it contained allegations that (1) a confidential informant, who in the last two months had given reliable information for a felony arrest, told the officer on 17 July 1978 that the informant was present in defendant's house in early July 1978 when a named person bought controlled substances from defendant; (2) two persons told the officer they were present on 29 July 1978 when a "drug user" called defendant and discussed a sale of Valium and speed; (3) on 3 August 1978 another person told the officer that he and the "drug user" went to defendant's house on 12 July where he smoked marijuana defendant gave him and bought Valium tablets from defendant; and (4) within the last two weeks the officer had seen a great many cars come to defendant's premises and stay a short while, since the allegations of the affidavit established probable cause "on 12 July" and "in early July," and the allegations, when considered together, indicated a pattern of drug sales by defendant extending over some weeks and continuing into the two weeks prior to issuance of the warrant.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 25 January 1979 in Superior Court, POLK County. Heard in the Court of Appeals 19 October 1979.

Defendant was indicted for possession of cocaine with intent to sell and deliver. Prior to trial defendant moved to suppress evidence obtained pursuant to a search warrant, and after a hearing this motion was denied.

At trial, officers who participated in the search of defendant's residence testified that they found there and seized a box containing "a spoon on a necklace that had green corroded looking substance on it," a small plastic bag with a small amount of white powder in it, a "screen type thing," and "a small book — a Little Webster"; a small brownish plastic bottle containing a white powder substance; a Penn Tennis Ball cannister inside a glass fruit jar in a hollowed out stump in the backyard, the cannister containing "some small cellophane packs containing a powder, a crystalline material," and some rice at the bottom of the can; and a scale with a pan missing from it. The white powder in the objects seized was found by State Bureau of Investigation chemists to be cocaine.

Defendant presented no evidence. He was found guilty of possession of cocaine with intent to sell and deliver and sentenced to five to seven years. He appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Ladson F. Hart for defendant appellant.*

ARNOLD, Judge.

The sole issue on this appeal is whether the court erred in allowing into evidence the objects seized in the search of defendant's residence. Defendant argues that they were inadmissible because the application underlying the search warrant was insufficient, both for failure to provide information to establish the reliability and credibility of the informants and for the staleness of the information it contained.

Deputy Sheriff Rickman's application of 24 August 1978 for a warrant to search defendant's residence contained the following allegations to establish probable cause: (1) A confidential informant, who had in the last two months given reliable information leading to a felony arrest, told Rickman on 17 July 1978 that the informant had been present at defendant's house in early July

1978 when a Gary Leatherwood bought controlled substances from defendant. (2) (a) On 29 July 1978, Mike and Gail Lawson told Rickman that David Hunnicutt, "a drug user," had told them he knew a fellow named Kirk who lived in Saluda, North Carolina, and who had 50 pounds of marijuana for sale in his house. (b) The Lawsons were present on 29 July when Hunnicutt called defendant and discussed a sale of Valium and speed. (3) (a) On 3 August 1978 Tommy Guin told Rickman that on 12 July 1978 he and Hunnicutt went to defendant's house, where he smoked marijuana defendant gave him and bought Valium tablets from defendant. (b) Hunnicutt wanted to buy 30 Valium tablets but didn't have the money. (4) Within the last two weeks, Rickman and other officers had seen a great many cars come to defendant's premises and stay a short while. (5) (a) Within the hour before Rickman applied for the search warrant, he saw many cars parked near defendant's residence and heard music coming from inside. (b) Rickman had received "confidential and reliable" information that defendant had drug parties at these premises.

The United States Supreme Court indicated in *Aguilar v. Texas*, 378 U.S. 108, 114-15, 12 L.Ed. 2d 723, 729, 84 S.Ct. 1509, 1514 (1964), that an affidavit supporting an application for a search warrant must inform the magistrate of "some of the underlying circumstances from which the informant concluded that the [contraband was] where he claimed [it was], and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, [cite omitted] was 'credible' or his information 'reliable.'" The court referred to the affidavit found sufficient in *Jones v. United States*, 362 U.S. 257, 4 L.Ed. 2d 697, 80 S.Ct. 725 (1960), as an example. Defendant in the present case argues that none of the elements of Rickman's application meets the *Aguilar* test.

The information in allegation (1) of the application is sufficient to establish probable cause, at least in "early July 1978." (The "staleness" issue will be discussed later.) The informant personally observed the criminal activity, see *United States v. Harris*, 403 U.S. 573, 579, 29 L.Ed. 2d 723, 731, 91 S.Ct. 2075, 2079-80 (1971), and he had furnished reliable information to Rickman in the past. *See Jones v. United States, supra* at 271, 4 L.Ed. 2d at 708, 80 S.Ct. at 736. Allegation (3)(a) is also found sufficient, at least on 12 July, since it relates underlying circumstances

discovered by the informant's personal observation, and since the information about drug buys from defendant was against the informant's penal interest. G.S. 90-92(a)7; G.S. 90-95(a)(3) and (d)(2); Physician's Desk Reference 1416 (32d ed. 1978); see *United States v. Harris, supra* at 583-84, 29 L.Ed. 2d 734, 91 S.Ct. 2082. The sufficiency of allegation 2(b), standing alone, might be questionable, but even if insufficient it may be considered in the magistrate's determination. *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969).

The test for "staleness" of information underlying a search warrant is whether the facts indicate probable cause at the time the warrant issues. *Sgro v. United States*, 287 U.S. 206, 77 L.Ed. 260, 53 S.Ct. 138 (1932). While allegations (1) and (3), describing as they do defendant's activities "in early July" and "on 12 July" might not support the issuance of a warrant on 24 August, when allegations (1), (2)(b), and (3) are considered together, they indicate on defendant's part a pattern of drug sales extending over some weeks and dealing with various controlled substances. Allegation (4), considered in conjunction with this pattern, allows the reasonable inference that the drug sales continued into the two weeks prior to the issuance of the warrant. The United States Supreme Court in *United States v. Harris, supra*, upheld a warrant where the application indicated that an informant had purchased illicit whiskey from defendant at his residence "within the past two weeks," saying "here the informant's admission that over a long period and currently he had been buying illicit liquor on certain premises, itself and without more, implicated that property and furnished probable cause to search." *Id.* at 584, 29 L.Ed. 2d 734, 91 S.Ct. 2082. Although the information in allegation (4) in the present case is not as specific as that in *Harris*, the *Harris* reasoning applies to the case now before us. We hold that Rickman's application provided adequate support for the magistrate's finding of probable cause, and that in the admission into evidence of the fruits of the search there was

No error.

Judges WEBB and WELLS concur.