STATE OF NORTH CAROLINA v. WILLIAM JOSEPH BYRD

No. 8226SC696

(Filed 15 February 1983)

Searches and Seizures § 23— validity of search warrant to search a residence — sufficiency of affidavit to establish probable cause

An affidavit in support of a search warrant was sufficient to establish probable cause for the issuance of the warrant to search a residence for cocaine where the affidavit showed that a man had sold cocaine to an agent on four occasions during a seven-week period; that the man would leave his home in his car and drive to his source and return with the drugs; that on one occasion he was seen entering the residence in question, and subsequently returned to the place of delivery with the cocaine in a plastic bag which was delivered upon payment to the agent; and that on the day the warrant was issued he was seen making his usual preparations to complete sale and delivery, except that the warrant is silent about whether he entered defendant's house described in the warrant. On the day the warrant was issued, negotiations for four ounces of cocaine had been made, but only one ounce was delivered for inspection and approval. It was reasonable to expect the remainder of the order would be at the residence named in the indictment where the first ounce was obtained.

APPEAL by defendant from *Ferrell, Judge*. Order entered 22 March 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 January 1983.

Under the provisions of G.S. 15A-979(b), defendant appeals from an order denying his motion to suppress evidence that was made before final plea negotiations. Defendant entered a plea of guilty to possession with intent to sell and deliver cocaine in violation of G.S. 90-95(a)(1). Judgment was entered requiring defendant to pay a fine of $5,000.

*Attorney General Edmisten, by Assistant Attorney General Francis W. Crawley, for the State.*

*Murchison, Guthrie & Davis, by K. Neal Davis and Dennis L. Guthrie, for defendant-appellant.*

HILL, Judge.

A single question is presented to this Court: Was the affidavit in support of the search warrant sufficient to establish probable cause for the issuance of the warrant to search the premises and, as a consequence, to permit introduction of the fruits of the search into evidence?

On 23 November 1981, L. E. Welch, a Charlotte police officer, made application upon affidavit to a magistrate for the issuance of a search warrant for a residence located on Reames Road in Charlotte, North Carolina. Acting on the warrant issued, Officer Welch searched the premises and seized "cocaine, a brown suitcase containing U.S. currency," and various other items. The defendant was subsequently charged with possession with the intent to sell and deliver a controlled substance. Thereafter, defendant filed a motion to suppress evidence which was denied by the hearing judge. The defendant pleaded guilty but reserved his right to appeal in accordance with G.S. 15A-979(b), which provides: "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty."

The search warrant accurately described the real estate to be searched. The application and affidavit filed in support of the warrant referred to cocaine and currency used to buy cocaine that was located in the dwelling described in the warrant and further detailed four instances in which Special Agent Beatty purchased cocaine from "a Roger Smith": October 1, 1981, November 13, 1981, November 18, 1981, and November 23, 1981. The application and affidavit showed substantially that on 1 October 1981, Agent Beatty gave Roger Smith $550.00 in Smith's residence at 6931 Random Place for the purchase of one-quarter ounce of cocaine. Smith left his house in a Pontiac car, returned some two hours later and gave Beatty a plastic bag containing cocaine.

Agent Beatty next met Smith at Smith's Random Place residence on 13 November 1981, gave him money for cocaine and agreed to meet him at an abandoned service station later. Smith left his home in a Pontiac car while under police surveillance, drove to a place between Reames Road and Sunset Road, where he made a telephone call. Still under surveillance, he drove to the

site on Reames Road described in the warrant. He was seen entering and leaving the premises on Reames Road and driving his Pontiac car to the service station, where he delivered the cocaine in a plastic bag to Agent Beatty.

Next, on 17 November 1981, Agent Beatty telephoned Smith about purchasing cocaine on 18 November 1981. Smith told Beatty he would have to get the cocaine from another source, since his usual connection was out of town until 21 November 1981.

On 18 November 1981, Beatty purchased cocaine from Smith at the Random Place residence and, while there, discussed a future purchase of four ounces of cocaine. Smith said that "the deal would probably be done in a motel and that Roger Smith's connection might be somewhere nearby."

At 2:01 p.m. on 23 November 1981, Agent Beatty contacted Smith and discussed the purchase of cocaine. At 2:17 p.m., the air and ground surveillance teams observed Smith leave his home at 6931 Random Place and proceed toward Reames Road. Enroute he made a telephone call and drove directly to the premises described in the search warrant, arriving at 2:35 p.m. At 2:52 p.m., a pickup truck arrived at the Reames Road site. Nothing in the affidavit indicates whether Smith or the truck driver entered the house on Reames Road. Fifteen minutes later Smith and the driver of the truck left Reames Road and went to a motel parking lot where Smith gave Beatty a bag containing one ounce of cocaine. Beatty paid Smith shortly thereafter and then drove away.

At 6:15 p.m. on the same day, Agent Beatty secured a search warrant for the Reames Road house and found cocaine and other items used in connection with drug trafficking on the premises.

Defendant contends that the affidavit supporting the search warrant fails to establish probable cause because it does not implicate the premises to be searched. We do not agree.

Our State Supreme Court has said that there must be "reasonable grounds at the time of . . . issuance of the warrant for the belief that the law was being violated on the *premises to be searched* . . . ." (Emphasis added.) *State v. Campbell*, 282 N.C. 125, 132, 191 S.E. 2d 752, 757 (1972), *quoting Dumbra v. United States*, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032 (1925).

We first address the question whether the affidavit set forth sufficient facts to establish probable cause to believe that contraband would be found on the premises.

Probable cause does not mean actual and positive cause, nor does it import absolute certainty. The determination of the existence of probable cause is not concerned with the question of whether the accused is guilty or innocent, but only with whether the affiant has reasonable grounds for his belief. If the apparent facts set out in an affidavit for a search warrant are such that a reasonably discreet and prudent person would be led to believe there was a commission of the offense charged, there is probable cause justifying the issuance of a search warrant. *State v. Campbell, supra*, at 129, 191 S.E. 2d at 755.

Possession of contraband drugs for the purpose of sale is a surreptitious act. The seller on the street often does nothing more than solicit orders for delivery from a source located far from the place of sale. Generally, the contraband is concealed on premises, its presence known only to the person in charge of safekeeping. The case before us follows this pattern. The pattern of sales used by Smith and defendant Byrd, however, is sufficient to lead a reasonably prudent person to believe that illicit drugs were kept in the Reames Road house for the purpose of sale.

We first note that affidavits used in connection with search warrants "are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity which once existed under common law pleadings have no place in this area . . . . This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informant's belief that probable cause exists without detailing any of the underlying circumstances upon which that belief is based . . . . However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hyper-technical, rather than a commonsense, manner." *United States v. Hodge*, 539 F. 2d 898, 903 (1976), *cert. denied*, 429 U.S. 1091, 97 S.Ct. 1100, 51 L.Ed. 536

(1977), quoting *United States v. Ventresca*, 380 U.S. 102, 108-109, 85 S.Ct. 741, 746, 13 L.Ed. 2d 684, 689 (1965).

The warrant and affidavit in the case fall within the "commonsense" rule. Substantially, the affidavit shows Roger Smith had sold cocaine to Agent Beatty on four occasions during a seven-week period; that Smith would leave his home in his Pontiac car and drive to his source and return with the drug; that on one occasion he was seen entering the house on Reames Road, the place described in the search warrant, and subsequently returned to the place of delivery with the cocaine in a plastic bag, which he delivered upon payment to Agent Beatty; that on the day the warrant was issued he was seen making his usual preparations to complete sale and delivery, except that the warrant is silent about whether he entered defendant's house on Reames Road. On the day the warrant was issued, negotiations for four ounces of cocaine had been made, but only one ounce was delivered for inspection and approval. It is reasonable to expect the remainder of the order would be at the Reames Road location where the first ounce was obtained. A commonsense approach leads us to the conclusion that there was probable cause to believe there was a connection between the Reames Road house and the source of the contraband drug.

Defendant argues that the affidavit is insufficient because it refers to only one occasion on which Smith entered the Reames Road house, which occurred some ten days before issuance of the search warrant; and that any evidence to support the affidavit was therefore remote and stale. This argument is without merit. The test for "staleness" is whether the facts indicate probable cause at the time the warrant issues. *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); *State v. King*, 44 N.C. App. 31, 259 S.E. 2d 919 (1979). The occasion referred to in the affidavit was but one step in Smith's consistent pattern of selling drugs, and it actually strengthened the affidavit.

The magistrate and the trial court correctly found there was probable cause to believe that Reames Road was the site of the source; that the facts provided in the application and affidavit implicated the property and persons within the house at the address. We concur in the decision of the magistrate and the trial judge.

Affirmed.

Judges ARNOLD and WHICHARD concur.