STATE OF NORTH CAROLINA v. LILLIE ANN BEAM

No. 8824SC77

(Filed 18 October 1988)

**Searches and Seizures § 26— search warrant for defendant's home — affidavit insufficient to show probable cause — week-old information from informant**

    An affidavit was insufficient to show that probable cause existed for issuance of a warrant to search defendant's residence and evidence seized pursuant to the warrant was properly suppressed where information from a reliable informant showed that defendant possessed one pound of marijuana approximately a week earlier at her home and information from another informant showed that defendant was selling marijuana at an unspecified location the day the warrant was issued; the week-old information was too stale to establish probable cause; and the information concerning sale of marijuana was not shown to be from an informant whose information had proven reliable in the past, nor was the information specific as to location.

APPEAL by the State from *Lamm, Judge.* Order entered 30 September 1987 in Superior Court, MITCHELL County. Heard in the Court of Appeals 6 September 1988.

Defendant was charged with possession of more than one and one-half ounces of marijuana, possession of marijuana with intent to sell, and possession with intent to use drug paraphernalia. Defendant made a motion to suppress evidence seized at defendant's home on the ground that the search warrant was not supported by probable cause. The trial court entered an order suppressing evidence seized pursuant to the search warrant. The State appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General David N. Kirkman, for the State.*

*Watson and Hunt, by Charlie A. Hunt, Jr., for defendant-appellee.*

EAGLES, Judge.

Pursuant to defendant's pre-trial motion to suppress, the trial court entered an order suppressing evidence seized in a search conducted in accordance with a search warrant. The court specifically found, among other things: "as a Matter of Law . . . considering the totality of the circumstances, the issuing magistrate, had no subsantial basis, based upon the information sworn to before him by Deputy Hollifield set out in the affidavit, for concluding that probable cause existed for issuance of the search warrant to search Defendant's residence." After careful examination of the record before us, we agree and affirm the trial court's ruling.

In order to validate the issuance of a search warrant, probable cause must be established in the affidavit upon which the warrant rests. *Dumbra v. United States,* 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032 (1925); *State v. Campbell,* 282 N.C. 125, 191 S.E. 2d 752 (1972).

> Probable cause . . . means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender.

*Campbell* at 128-29, 191 S.E. 2d at 755 (citing *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971)).

In *State v. Arrington,* 311 N.C. 633, 319 S.E. 2d 254 (1984), our Supreme Court adopted the "totality of the circumstances" test enunciated in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983), for determining whether probable cause exists for the issuance of a search warrant. Under the totality of circumstances test,

> [t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed.

*Gates, supra,* 462 U.S. at 238-39, 103 S.Ct. at 2332, 76 L.Ed. 2d at 548. Under this test the question is whether the evidence as a whole provides a substantial basis for concluding that probable cause exists. Although "great deference should be paid a magistrate's determination of probable cause," *Arrington,* 311 N.C. at 638, 319 S.E. 2d at 258, this deference does not translate into an abdication of the court's responsibility to review the magistrate's determination.

In the affidavit included in the application for the search warrant, Deputy Hollifield swore to the following:

> [T]he information contained in this application is based upon my personal knowledge and upon factual information I have received from others. A reliable informant who has provided accurate and reliable information in the past and whose information in the past has led to arrest and conviction under the N.C. Controlled Substance Act has told the undersigned that appx. one week ago the informant saw Lilly Ann Beam with appx. 1 pound of marijuana at her home on Ridge Road. Another informant told the undersigned that Lilly Ann Beam sold marijuana to them on 02/07/87. Lilly Ann Beam is on probation for violation of Controlled Substance Act.

In his written application, Deputy Hollifield also gave a description of and directions to the defendant's residence. The trial court

found the deputy had relayed no information to the magistrate other than what was included in his affidavit and application.

The State argues that, "taken together," the information provided the magistrate was not stale. Contrary to the State's argument, information from a reliable informant showing the defendant possessed one pound of marijuana approximately a week earlier at her home and information from another informant that defendant was selling marijuana at an unspecified location the day the warrant was issued, does not supply a magistrate with a substantial basis for determining there was a fair probability that contraband would be found in defendant's home. There is nothing in the affidavit to support a finding of an ongoing activity of drug selling at defendant's residence. *Cf. State v. King,* 44 N.C. App. 31, 259 S.E. 2d 919 (1979) (large number of persons coming and going from defendant's house corroborated other information concerning ongoing activity); *State v. Arrington, supra* (one informant gave information of growing marijuana plants, corroborated by information of a steady flow of traffic by people known to use drugs to and from the premises to be searched is evidence of ongoing activity).

As there is no substantial basis for finding an ongoing activity, the only reliable information that implicates defendant's home was the information that was approximately one week old. In *State v. Goforth,* 65 N.C. App. 302, 307, 309 S.E. 2d 488, 492 (1983), this court said to test the timeliness of a search warrant, "[t]he general rule is that no more than a 'reasonable' time may have elapsed." [Citations omitted.] The test for staleness of information on which a search warrant is based is whether the facts indicate that probable cause exists at the time the warrant is issued. *Sgro v. United States,* 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); *State v. King,* 44 N.C. App. 31, 259 S.E. 2d 919 (1979). Common sense must be used in determining the degree of evaporation of probable cause. *State v. Louchheim,* 296 N.C. 314, 250 S.E. 2d 630 (1979), *cert. denied,* 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed. 2d 47 (1980).

The subject of this search was not an item expected to be kept for extended periods of time or designed for long-term use. Rather, the item sought was marijuana, a substance which can be easily concealed and moved about, and which is likely to be dis-

posed of or used. *State v. Lindsey*, 58 N.C. App. 564, 293 S.E. 2d 833 (1982). Under the facts of this case, we find the week-old information was too stale to establish probable cause to search defendant's home.

Although the affidavit on which the search warrant was based also presented more recent information concerning defendant's drug activities, the more recent information was not shown to be from an informant whose information has proven reliable in the past. The more recent information was not specific as to location. Indeed, the week-old information was the only evidence of residential possession by defendant. The fact that defendant has more recent involvement with drug activities does not establish a reasonable inference she possessed drugs at her home at the time the search warrant for her residence was issued.

Accordingly, the order suppressing the evidence seized from defendant's home is affirmed.

Affirmed.

Judges PHILLIPS and PARKER concur.