STATE OF NORTH CAROLINA v. LILLIE ANN BEAM

No. 524PA88

(Filed 26 July 1989)

**Searches and Seizures § 23— narcotics—search warrant—informants' tips—probable cause**

The trial court erred in a narcotics prosecution by allowing defendant's motion to suppress evidence seized from defendant's home under a search warrant where the warrant was issued based on the officers' personal knowledge and information from two confidential informants. The magistrate had before him evidence that the suspect had had a pound of marijuana in her home a week earlier; that the suspect had sold marijuana the day the warrant was issued; and that the suspect had a prior history of involvement with drugs and was on probation for violation of the Controlled Substances Act. The reliability of the informants was shown by the officers' sworn statement that the first informant had provided the officer with reliable information in the past and the second informant had told the officer that defendant had sold him marijuana, thus admitting the informant's purchase of a controlled substance. Moreover, the reliable informant saw defendant with approximately a pound of marijuana at defendant's home, so that there was a substantial basis for the magistrate to conclude that there was a fair probability that the marijuana would be found at defendant's residence on the date the warrant was issued.

**Am Jur 2d, Searches and Seizures §§ 65, 68, 69.**

STATE v. BEAM

[325 N.C. 217 (1989)]

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 91 N.C. App. 629, 372 S.E. 2d 894 (1988), which affirmed an order entered by *Lamm, J.*, in Superior Court, MITCHELL County, on 30 September 1987, allowing defendant's motion to suppress. Heard in the Supreme Court 10 May 1989.

*Lacy H. Thornburg, Attorney General, by David N. Kirkman, Associate Attorney General, for the State.*

*Watson and Hunt, by Charlie A. Hunt, Jr., for defendant-appellee.*

FRYE, Justice.

The issue before this Court is whether the evidence presented to the issuing magistrate, when taken as a whole, provides a substantial basis to support the magistrate's finding of probable cause for the issuance of the search warrant. We answer in the affirmative and reverse the Court of Appeals' decision which affirmed the trial court's order suppressing the evidence.

The facts, basically undisputed, are as follows: On 7 February 1987, Detective Hollifield of the Mitchell County Sheriff's Department applied for a warrant to search defendant's home for a controlled substance. In the written application for a search warrant, Detective Hollifield gave a description of and directions to the residence of Lillie Ann Beam, the defendant. As a part of the application, he swore to the following facts to establish probable cause for the issuance of the search warrant:

> [T]he information contained in this application is based upon my personal knowledge and upon factual information I have received from others. A reliable informant who has provided accurate and reliable information in the past and whose information in the past has led to arrest and convictions under the N.C. Controlled Substance Act has told the undersigned [Detective Hollifield] that appx. one week ago the informant saw Lilly Ann Beam with appx. 1 pound of marijuana at her home on Ridge Road. Another informant told the undersigned [Detective Hollifield] that Lilly Ann Beam sold marijuana to them on 02/07/87. Lilly Ann Beam is on probation for violation of Controlled Substance Act.

The magistrate issued the warrant on 7 February 1987. Acting pursuant to the search warrant, Detective Hollifield conducted a

search of defendant's home on the same date. Numerous items were seized during the search:

One (1) plastic [sic] of marijuana (approximately ½ ounce);

Several marijuana leaves;

One (1) small pipe;

One (1) pack of rolling papers;

One (1) ceramic bowl with cigarette butts and metal clips;

One (1) bag of plant stems;

One (1) small plastic bag of marijuana found in a green jacket;

One (1) small set of postage scales;

Assorted magazines and personal effects . . . .

Defendant was charged with possession of more than one and one-half ounces of marijuana; possession of marijuana with intent to sell; and possession "with intent to use drug paraphernalia, pipes, straws, scales, roach clips, to introduce into the body a controlled substance which it would be unlawful to possess."

Pursuant to N.C.G.S. § 15A-974 defendant made a motion to suppress the evidence seized at her home on the ground that the search warrant was not supported by probable cause. Defendant contended that the two confidential informants' tips which formed the basis of Detective Hollifield's application for the search warrant were either stale or unreliable. The trial court agreed and entered an order suppressing the evidence seized pursuant to the search warrant. The trial court concluded that

[A]s a Matter of Law . . . considering the totality of the circumstances, the issuing magistrate, had no substantial basis, based upon the information sworn to before him by Deputy Hollifield set out in the affidavit, for concluding that probable cause existed for issuance of the search warrant to search Defendant's residence.

The State appealed and the Court of Appeals affirmed the trial court's decision and stated:

[I]nformation from a reliable informant showing the defendant possessed one pound of marijuana approximately a week earlier at her home and information from another informant that de-

fendant was selling marijuana at an unspecified location the day the warrant was issued, does not supply a magistrate with a substantial basis for determining there was a fair probability that contraband would be found in defendant's home. There is nothing in the affidavit to support a finding of an ongoing activity of drug selling at defendant's residence. *Cf. State v. King,* 44 N.C. App. 31, 259 S.E. 2d 919 (1979) (large number of persons coming and going from defendant's house corroborated other information concerning ongoing activity); *State v. Arrington, supra* (one informant gave information of growing marijuana plants, corroborated by information of a steady flow of traffic by people known to use drugs to and from the premises to be searched is evidence of ongoing activity).

91 N.C. App. 629, 632, 372 S.E. 2d 894, 896 (1988).

We allowed the State's petition for discretionary review and we now reverse.

Our legislature has provided that all applications for a search warrant must contain:

(1) The name and title of the applicant; and

(2) A statement that there is probable cause to believe that items subject to seizure under G.S. 15A-242 may be found in or upon a designated or described place, vehicle, or person; and

(3) Allegations of fact supporting the statement. The statement must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched; and

(4) A request that the court issue a search warrant directing a search for the seizure of the items in question.

N.C.G.S. § 15A-244 (1988). The only question at issue here relates to the sufficiency of the affidavit particularly setting forth the facts and circumstances establishing probable cause.

In *State v. Arrington,* 311 N.C. 633, 319 S.E. 2d 254 (1984), this Court adopted the "totality of the circumstances" test enunciated in *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527 (1983),

STATE v. BEAM

[325 N.C. 217 (1989)]

for determining under our state constitution whether probable cause exists for the issuance of a search warrant. In *Gates*, the Supreme Court abandoned the two-pronged test it formerly used. *See Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637 (1969). The totality of the circumstances test may be described as follows:

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Arrington*, 311 N.C. at 638, 319 S.E. 2d at 257-58 (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39, 76 L.Ed. 2d 527, 548). Under this test the question is whether the evidence as a whole provides a substantial basis for concluding that probable cause exists.

In the instant case the magistrate had before him evidence (1) that the suspect had a pound of marijuana in her home a week earlier, (2) that the suspect had sold marijuana the day the warrant was issued, and (3) that the suspect had a prior history of involvement with drugs (and was still on probation for violation of the Controlled Substances Act).

The reliability of the informants is shown by Detective Hollifield's sworn statement. His affidavit states that the first informant, who had previously provided Detective Hollifield with reliable information in the past which led to previous convictions, informed him that he saw defendant with approximately a pound of marijuana in her home. Such a showing of veracity has been accepted by this Court. *State v. Arrington*, 311 N.C. 633, 642, 319 S.E. 2d 254, 260. On the same day the search warrant was issued, the second informant told Detective Hollifield, a law enforcement officer, that defendant sold him marijuana, thus admitting the informant's purchase of a controlled substance. Statements against penal interest carry their own indicia of credibility sufficient to support a finding of probable cause to search. *Id.* at 641, 319 S.E. 2d at 259.

The reliable informant saw defendant with approximately a pound of marijuana at defendant's home. If the marijuana was

for personal use, it is unlikely that she would consume such a large quantity in a week's time. Therefore, at least a portion of it would likely remain in her home a week later. On the other hand, if the marijuana was kept in defendant's home for purposes of sale, then the informants' tips, taken together, indicate that defendant was engaged in the ongoing criminal activity of selling marijuana. Under either scenario there was a substantial basis for the magistrate to conclude that there was a fair probability that marijuana would be found at defendant's residence on the date the warrant was issued. Thus, we hold that, under the totality of the circumstances, the magistrate had a substantial basis for finding probable cause to issue the search warrant. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for further remand to the Superior Court, Mitchell County, for proceedings not inconsistent with this decision.

Reversed and remanded.