INMAN, Judge.
Defendant James Brandon Smith ("Defendant") appeals from a judgment entered following entry of a guilty plea. Defendant argues that the trial court erred in denying his motion to suppress the introduction of evidence obtained during his seizure and subsequent arrest by law enforcement. After careful review, we hold the trial court did not err in denying Defendant's motion.
I. FACTUAL AND PROCEDURAL HISTORY
The record below indicates the following:
Around 10:30 p.m. on the evening of 21 January 2014, Officer Adam Minor with the Granite Falls Police Department was on patrol when he was dispatched to investigate a suspicious vehicle at a nearby tobacco store. When he arrived at the scene, Officer Minor spotted the vehicle in question, a gold Cadillac Escalade, leave the parking lot of the tobacco store at a high rate of speed; Officer Minor followed, activating his lights and siren and pulling the vehicle over for speeding at 70 miles per hour a short time later. Although the car pulled over, the driver of the Escalade did not place the vehicle in park. As Officer Minor shouted instructions to the driver through his loudspeaker to turn off the car and place its keys on the hood, the Escalade rapidly accelerated away from the stop. Officer Minor gave chase.
With the pursuit underway, Officer Minor followed the Escalade at speeds topping 110 miles per hour down various surface streets and U.S. Route 321. At one point, the Escalade stopped in apparent surrender and a passenger exited the vehicle; as Officer Minor was relaying instructions to the passenger, however, the Escalade again drove off at a high rate of speed. Officer Minor reengaged, tailing the car once more. The driver eventually stopped the vehicle in an apartment complex parking lot and fled into a wooded area on foot. Officer Minor, with the help of other Granite Falls Police officers and Caldwell County Sheriff's deputies, secured the scene but was unable to locate the driver.
While waiting at the apartment complex for a tow truck to seize and impound the Escalade, Officer Minor received a radio call that the passenger that had exited the car partway through the chase was in custody at the local fire station. Officer Minor met with the passenger at the station, who identified the driver of the Escalade as Defendant, pointing him out in a photo found on Facebook. Officer Minor also learned that the car was registered to Kandice Abshire ("Mrs. Abshire"), who, per Facebook, was Defendant's girlfriend. Officer Minor then returned to the apartment complex and executed a search of the vehicle, recovering hypodermic needles, pills, a piece of plastic with what appeared to be black tar heroin residue, and a bandana bearing the colors of a gang of which Defendant was a known member.
Officer Minor next received a call from dispatch informing him that Mrs. Abshire had been located and was speaking with a sheriff's deputy. After driving to Mrs. Abshire's location and speaking with her, Officer Minor learned that, although the Escalade was titled in her name, Defendant made all the payments on the car and was the only person who drove it. After searching Mrs. Abshire and her possessions, and without locating Defendant, Officer Minor left the scene and filed his report of the night's events in the pre-dawn hours of the following morning.
Exactly one month later, on the morning of 22 February 2014, Officer Minor was parked in a marked patrol vehicle at the intersection of Woodlane Street and Forest Avenue in Granite Falls, looking to serve an outstanding arrest warrant on a suspected felon reported to be in the area. As he was sitting in his car, a Ford Expedition pulled up to a stop sign at the intersection, began to make a right turn, and-after the driver gazed in Officer Minor's direction-changed course by turning left instead of right. Intrigued, Officer Minor followed the Expedition until it turned into a residential driveway on Woodlane Street.
Officer Minor knew this particular home and its resident, an 87-year-old woman with dementia, fairly well. Officer Minor had previously responded to a call at the home when the son of the woman's caretaker drunkenly broke a window while trying to get inside the house. Now concerned that the caretaker's son had returned in the Expedition, Officer Minor parked his car in the roadway without blocking the driveway. Officer Minor observed a disheveled woman exit the passenger side of the vehicle and approach the front door; he also saw the driver's side door open and noticed the driver was wearing men's clothing. Officer Minor decided to exit his squad car at this time and confirm with the homeowner that the man in the Expedition was supposed to be there.
Approaching the Expedition from the driver's side, Officer Minor recognized the driver as Defendant. He had not forgotten Defendant from the high-speed chase a month earlier and had run regular driver's license checks on Defendant as part of an effort to keep tabs on him. Officer Minor had run one such check less than a week prior to recognizing Defendant in the driver's seat of the Ford Expedition; that check showed that Defendant's driver's license was suspended. To confirm that the Expedition's driver was Defendant, Officer Minor said Defendant's name; the man replied, "Yeah."
Officer Minor immediately requested Defendant exit his vehicle; Defendant complied and was informed he was under arrest for driving while license revoked. As Officer Minor went to handcuff him, however, Defendant pulled away. Officer Minor radioed for help and was eventually able to subdue Defendant. As a result of the arrest and an ensuing search, Defendant was later indicted on charges of possession with intent to sell and deliver cocaine, oxycodone, dihydrocodeinone, and marijuana, as well as driving while license revoked and habitual felon status.
Defendant filed a motion to suppress the evidence obtained from his seizure and arrest, arguing that Officer Minor lacked reasonable suspicion and probable cause. Following a hearing in which evidence consistent with the above recitation of events was introduced, the trial court denied the motion. In the motion hearing, the trial court heard evidence and found facts consistent with the recitation of events set forth above and concluded Officer Minor possessed probable cause to arrest Defendant for driving while license revoked. Defendant pled guilty following the trial court's ruling and was sentenced to 30 to 45 months imprisonment. Defendant's counsel gave notice of appeal in open court "regarding the issues related to your denial of the motion to suppress for reasonable suspicion of probable cause." Believing that this statement may have been insufficient to properly notice an appeal and confer jurisdiction on this Court, Defendant filed a petition for writ of certiorari to this Court on 6 September 2018.
II. ANALYSIS
A. Petition for Writ of Certiorari
This Court may, in its discretion, hear appeals by writ of certiorari "in appropriate circumstances ... when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a)(1) (2018). " 'Appropriate circumstances' may include when a defendant's right to appeal has been lost because of a failure of his or her trial counsel to give notice of appeal." State v. Gordon , 228 N.C. App. 335, 337, 745 S.E.2d 361, 363 (2013). Because Defendant's right to prosecute his appeal was lost due to his trial counsel's failure to give proper notice, we grant Defendant's petition for writ of certiorari.
B. Standard of Review
We review a trial court's order on a motion to suppress to determine whether its findings of fact are supported by competent evidence and whether those findings support its conclusions of law. State v. Biber , 365 N.C. 162, 167-168, 712 S.E.2d 874, 878 (2011). Unchallenged findings of fact are binding on appeal. Id. The trial court's conclusions of law, however, are reviewed de novo . Id.
C. Defendant's Motion to Suppress
Defendant challenges two of the trial court's findings of fact as unsupported by the evidence, namely those establishing that: (1) Officer Minor had learned that Defendant's license had been revoked after the car chase; (2) Officer Minor had confirmed that information within the week prior to Defendant's arrest; (3) Officer Minor had followed up with other agencies about Defendant; and (4) the police report filed after Defendant's arrest noted Defendant's license had been revoked. Officer Minor offered clear testimony sufficient to support these findings:
[THE STATE]: .... [W]hat did that vehicle chase lead you to do, as far as any investigation?
[OFFICER MINOR]: I tried to learn as much information about [Defendant] as I possibly could. I saw his license was revoked. I would check his license on a regular-or license status on a regular basis.
....
I had been contacted by other agencies about [Defendant].
....
[THE STATE]: .... And what with his license status; did you try to keep up with that?
[OFFICER MINOR]: I did.
[THE STATE]: And what was it?
[OFFICER MINOR]: Class C, suspended, sir.
[THE STATE]: Okay. And is that what you believed on February 22nd of 2014?
[OFFICER MINOR]: It is.
....
[THE STATE]: And so if you checked it multiple times, would you have checked it within a week?
[OFFICER MINOR]: Yes.
[THE STATE]: Okay. And within a week, his status showed suspended?
[OFFICER MINOR]: Suspended.
As for the contents of the police report following the arrest, Defendant's counsel conceded it contained the following language: "I knew the driver of the Expedition to be [Defendant], who was Class C, suspended driver's license and listed as ID card only." Thus, competent evidence supports the trial court's findings challenged by Defendant.
As for the trial court's conclusion that Officer Minor possessed probable cause to make the arrest for driving while licensed revoked, Defendant argues only that, assuming the above findings were unsupported, the evidence indicating Defendant was driving with a revoked license was stale at the time of the arrest. Because we hold that those findings were supported by the evidence and are therefore binding on this Court, Defendant's argument fails at the outset.[1]
III. CONCLUSION
For the foregoing reasons, we hold that the trial court did not err in denying Defendant's motion to suppress.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and DAVIS concur.

Defendant presents no argument that, assuming the trial court's findings were supported, Officer Minor's information was so stale as to render the arrest without probable cause. He points to no other evidence and cites no law, beyond that setting forth the general proposition concerning staleness, for support of the argument he does make. We note, however, that our review of the case law discloses only one instance in which this Court has held evidence to be too stale to support probable cause after one week, State v. Beam , 91 N.C. App. 629, 372 S.E.2d 894 (1988). That decision was reversed by our Supreme Court. State v. Beam , 325 N.C. 217, 381 S.E.2d 327 (1989).