An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-215

Filed 4 February 2026

Hoke County, Nos. 21CR050055-460, 21CR050056-460, 21CR050057-460, 23CR000052-460

STATE OF NORTH CAROLINA

v.

RONNIE WADE ANDERSON

Appeal by defendant from judgment entered 5 February 2024 by Judge Michael A. Stone in Hoke County Superior Court. Heard in the Court of Appeals 14 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Scott K. Beaver, for the State.*
>
> *Shawn R. Evans, for the defendant-appellant.*

TYSON, Judge.

Ronnie Wade Anderson ("Defendant") appeals from judgments entered upon a jury's convictions for illegal drug offenses. He argues the trial court committed plain error in denying his motion to suppress due to lack of probable cause to issue a

warrant to search a residence. Defendant also argues the State presented insufficient evidence tending to show he possessed a firearm as a felon. We discern no plain error.

## I. Background

On 13 January 2021, and based upon prior surveillance activity, Hoke County Sheriff's detectives applied for, secured, and executed a warrant for a residence located at 1629 Strother Road in Aberdeen, North Carolina. Defendant was arrested and indicted for trafficking cocaine, trafficking methamphetamine, possession of a firearm by a convicted felon, manufacturing marijuana, possession with intent to distribute marijuana, and possession of drug paraphernalia.

Defendant filed a motion on 22 September 2023 to suppress evidence seized pursuant to the search warrant based on lack of probable cause. The motion was called for hearing on 6 February 2024.

Hoke County Sheriff's Detective David Hayworth, who had submitted the search warrant application, testified at the suppression hearing, regarding the events and details written in the application:

Detective Hayworth recalled starting an investigation after receiving citizen complaints and information from confidential informants asserting someone was selling drugs from the property located at 1629 Strother Road. He and other Sheriff's deputies began surveilling the residence and observed vehicles arriving, staying for short periods of time, and then leaving. In August of 2020, a Moore County Sheriff's

detective reached out to the Hoke County Sheriff in reference to a drug overdose, and reported the drugs had come from 1629 Strother Road.

Upon receiving the report, Sheriff's deputies began working with a confidential informant. The informant told Sheriff's deputies illegal narcotics, Suboxone and methamphetamine, were being sold from 1629 Strother Road by an older white male with long gray hair, approximately 60 years of age. The informant reported having driven a friend to that residence. The name "Ronnie" was provided as the name of a potential suspect. Using a North Carolina internal database, Detective Hayworth searched for individuals associated with 1629 Strother Road and the results provided the name James Ernest Luther as a potential match for that address. The Sheriff's deputies obtained a photograph believed to be an image of James Ernest Luther from Moore County.

On 13 January 2021, Detective Hayworth and two other officers were conducting physical surveillance at 1629 Strother Road. They stopped a vehicle coming from the residence and spoke with the driver. The driver stated he had left the house of a friend by the name of "Ronnie." When asked if he had anything illegal in the car, the driver stated he had meth and Suboxone underneath the driver's seat. The Officers seized those items. The driver provided a description of what "Ronnie" looked like: "a white male with long, gray hair, approximately 6'1", maybe in his 60's." The driver also reported having previously bought the drugs from "Ronnie."

Immediately after this interaction, Detective Hayworth applied for a search

warrant for the residence located at 1629 Strother Road. The search warrant was issued, and the Sheriff's deputies executed it on 13 January 2021.

The trial court denied Defendant's motion to suppress. During trial, counsel for Defendant failed to renew objections to the introduction of evidence obtained as a result of the execution of the search warrant. At the close of evidence, Defendant moved to dismiss the charge of possession of a firearm by a felon.

The case was submitted to the jury, who returned a verdict of guilty in all counts and convicted Defendant of all charges. He was sentenced to an active term of 70-93 months for the conviction of trafficking and manufacturing marijuana, and 35-51 months active term to run consecutively to the first sentence for the remaining charges. Defendant timely entered oral notice of appeal.

## II.  Jurisdiction

Jurisdiction lies in this Court pursuant to N. C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2023).

## III.  Issues

Defendant argues the trial court prejudicially erred in denying his motion to suppress and asserts the warrant was not properly based upon probable cause. Defendant also argues the State presented insufficient evidence tending to show Defendant constructively possessed the firearm found inside the residence. We address each argument in turn.

## IV.  Analysis

## A. Motion to Suppress

### 1. <u>Standard of Review</u>

When reviewing a trial court's ruling "on appeal from denial of a motion to suppress, the trial court's findings of fact are binding when supported by competent evidence, while conclusions of law are fully reviewable by the appellate court." *State v. Icard*, 363 N.C. 303, 308, 677 S.E.2d 822, 826 (2009); *State v. Biber*, 365 N.C. 162, 167-68, 712 S.E.2d 874, 878 (2011); *State v. Reed*, 373 N.C. 498, 507, 838 S.E.2d 414, 420 (2020).  The trial court's conclusions of law are reviewed *de novo*, wherein this Court "considers the matter anew and substitutes its own judgment for that of the trial court." *In re C.V.D.C.*, 374 N.C. 525, 530, 843 S.E.2d 202, 205 (2020); *State v. Woolard*, 385 N.C. 560, 570, 894 S.E.2d 717, 725 (2023).

When trial counsel fails to renew objections to the introduction of evidence at the time it is offered at trial, we review the appeal of a motion *in limine* for plain error.  *State v. Golphin*, 352 N.C. 364, 405, 533 S.E.2d 168, 198 (2000), *cert. denied*, 532 U.S. 931, 149 L. Ed. 2d 305 (2001); *see, e.g.*, *State v. Patterson*, 194 N.C. App. 608, 615-16, 671 S.E.2d 357, 361-62, *disc. rev. denied*, 363 N.C. 587, 683 S.E.2d 383 (2009). To show plain error, the error in the admissibility of evidence must be so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.  *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983).

### 2. <u>Argument</u>

Defendant argues the court plainly erred in allowing the admittance of evidence seized from the residence at 1629 Strother Road into the record because the warrant was deficient for lack of probable cause.

"Probable cause refers to those facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information which are sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *State v. Williams*, 314 N.C. 337, 343, 333 S.E.2d 708, 713 (1985) (citations omitted). The test is the "totality of the circumstances" test: whether the evidence as a whole provides substantial basis for concluding that probable cause exists." *Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548 (1983).

The issuing magistrate must:

> make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*State v. Arrington*, 311 N.C. 633, 638, 319 S.E.2d 254, 257-58 (1984) (quoting *Gates*, 462 U.S. at 238, 76 L. Ed. 2d at 548). "The standard for a court reviewing the issuance of a search warrant is whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *State v. Ledbetter*, 120 N.C. App. 117, 121, 461 S.E.2d 341, 343 (1995) (citation and internal quotation marks omitted).

On 13 January 2025, the magistrate reviewed Detective Hayworth's application for a search warrant for the residence at 1629 Strother Road. The content of the warrant application is as follows:

Sheriff's deputies "ha[d] been investigating a complaint of illegal narcotics being sold from 1629 Strother Road" by a "subject identified as 'Ronnie' since August of 2020." The Moore County Sheriff's Office "initially contacted Hoke Sheriff's deputies in reference to a heroin overdose in which the victim had purchased the heroin from 'Ronnie' at 1629 Strother Road."

A confidential informant, asserted to be "very reliable," and whose information had already "led to the arrest of multiple subjects" involved in drug trafficking, advised he was familiar with "Ronnie" and described him as a "older, white male with long, grey hair." The informant admitted to being a drug user. He had reportedly "driven known drug users to the residence in the past but did not witness the hand to hand transactions." "Ronnie" was eventually identified as "Jimmy Ernest Luther . . . a convicted felon . . . [who] has been charged . . . with . . . breaking and entering, larceny, felony probation violation, and assault."

The affidavit further stated Sheriff's deputies had been conducting physical surveillance on the 1629 Strother Road residence "[d]uring the course of the investigation." Officers witnessed several vehicles . . . coming to the residence, staying for a short period of time, and leaving. An older white male ha[d] been see[n] exiting the residence, meeting the occupants of the vehicle either at their vehicle or

at the fence, and then going back inside.

Detectives "ha[d] conducted multiple vehicle stops on cars seen leaving the residence" and "[o]n multiple occasions," detectives had seized controlled substances from these vehicles. On 13 January 2021, one of the Sheriff's deputies conducting surveillance observed a vehicle leaving the residence at 1629 Strother Road. The Sheriff's deputies conducted a traffic stop of the vehicle after observing the driver commit a lane violation. When asked if anything illegal was inside the vehicle, the driver produced "a small bag of suspected methamphetamine and a Suboxone strip." When asked "where he got the suspected methamphetamine from, [the driver] stated he got it from 'Ronnie' . . . ." The driver said "Ronnie" was "a white man, older; maybe mid 60's, with long gray hair." Finally, when asked if "Ronnie" "had to go somewhere to get the dope or did he have it on him," the driver stated he "didn't know if ['Ronnie'] had it on him or not because 'Ronnie' met him outside[,] but 'Ronnie' didn't leave to go anywhere and get it . . . ."

Defendant argues the warrant application does not show probable cause and presents two arguments on appeal concerning how it specifically fails. We address each in turn.

### i.    *Staleness*

Defendant first argues the information obtained by surveillance and from the confidential informant "is stale and cannot be considered for cause because the affidavit provides no relevant timeframe for when th[e] events occurred."

"The test for 'staleness' is whether the facts indicate probable cause at the time the warrant issues." *State v. Byrd*, 60 N.C. App. 740, 744, 300 S.E.2d 16, 19 (1983). Staleness is generally determined by two factors: "(1) the amount of criminal activity and (2) the time period over which the activity occurred." *State v. McCoy*, 100 N.C. App. 574, 577, 397 S.E.2d 355, 358 (1990). "Common sense is the ultimate criterion in determining the degree of evaporation of probable cause." *State v. Jones*, 299 N.C. 298, 305, 261 S.E.2d 860, 865 (1980). "The likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch a clock[.]" *State v. Louchheim*, 296 N.C. 314, 323, 250 S.E.2d 630, 636 (internal quotation marks and citation omitted), *cert. denied*, 444 U.S. 836, 62 L. Ed. 2d 47 (1979).

Variables affecting the timeliness of information for the purpose of issuing a search warrant include:

> the character of the crime (chance encounter in the night or regenerating conspiracy?), or the criminal (nomadic or entrenched?), of the thing to be seized (perishable and easily transferrable or of enduring utility to its holder?), or the place to be searched (mere criminal forum or convenience or secure operational base?), etc.

*Louchheim*, 296 N.C. at 323, 250 S.E.2d at 636 (internal quotation marks and citation omitted).

"[W]here the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less

significant." *McCoy*, 100 N.C. App. at 577, 397 S.E.2d at 358; *see also State v. Witherspoon*, 110 N.C. App. 413, 419-20, 429 S.E.2d 783, 787 (1993). "The continuity of the offense may be the most important factor' in determining staleness." *McCoy*, 100 N.C. App. at 577, 397 S.E.2d at 358. This Court has held information regarding ongoing sale of controlled substances is not stale, even after some passage of time, where is it reasonable to infer that the suspect still possesses the contraband. *See, e.g.*, *Witherspoon*, 110 N.C. App. at 413, 418-21, 429 S.E.2d at 783, 785-87 (information regarding suspect cultivating one hundred marijuana plants not stale thirty days later); *McCoy*, 100 N.C. App. at 577-78, 397 S.E.2d at 358 (two controlled buys occurring within ten days of the application, albeit at different locations rented by the defendant, sufficient to withstand objection to timeliness).

The information provided in the warrant application about the suspected sale of controlled substances from a specific location over the course of months is exactly the kind of information that survives an investigation of "staleness" due to the alleged activity's ongoing and continuous nature. Based upon the allegation provided by the confidential informant, and the observation of facts which repeatedly reinforced and confirmed the suspected ongoing sale of drugs, it was reasonable to infer that Defendant would still possess the contraband at the time the warrant application was filed. Defendant's contention is overruled.

### ii.    *Implication of the Residence*

Citing *State v. Campbell*, 282 N.C. 125, 191 S.E.2d 752 (1972), Defendant also

argues the search warrant application did not contain sufficient information to establish a meaningful connection between illegal activity and the residence located at 1629 Strother Road. *Id.*

In *State v. Campbell*, this Court determined probable cause to search a residence was lacking where the facts in the warrant application failed to establish a meaningful connection between the illegal activity and the residence. A warrant to search the residence of three men was obtained based upon each actively selling drugs to college students. *Id.* at 130, 191 S.E.2d at 756. This Court determined the warrant application was fatally defective because it "failed to implicate the premises to be searched." *Id.* at 131, 191 S.E.2d at 757. The Court explained, "Probable cause cannot be shown 'by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the underlying circumstances upon which that belief is based.'" *Id.* at 130-31, 191 S.E.2d at 756 (quoting *United States v. Ventresca*, 380 U.S. 102, 108-09, 13 L. Ed. 2d 684, 689 (1965)).

Defendant attempts to compare the warrant here to the one issued in *Campbell*, and argues the allegation asserting drugs would be in the residence was conclusory in nature and insufficient. We disagree.

The application specifically reported officers started an investigation after receiving a citizen complaint of narcotics being sold from 1629 Strother Road. A reliable confidential informant reported having driven known drug users to the

residence. Officers conducted physical surveillance *at the residence.* Vehicles arrived at the residence, whereupon a man would exit the residence, meet the vehicles' occupants either at the vehicle or at the fence, and the go back inside, after which point the vehicles would leave. Additionally, the driver who was stopped on 13 January 2025 admitted to having bought drugs from "Ronnie" at the residence. When asked if "Ronnie" had to "go somewhere" to get the drugs, the driver responded Ronnie "didn't leave to go anywhere to get [the drugs]."

Unlike in *Campbell*, specific facts in the warrant application show Defendant was conducting the sale of illegal drugs from his residence at 1629 Strother Road. The facts suggested, when buyers arrived at the residence, Defendant would exit the residence with the drugs on his person and conduct the sale. The warrant application established a meaningful connection between the illegal activity and the residence to be searched. Defendant has not shown the court plainly erred by denying his motion to suppress. His argument is overruled

## B. Possession of a Firearm by a Felon

Defendant appeals from denial of a motion to dismiss for insufficient evidence for the charge of possession of a firearm by a felon.

### 1. **Standard of Review**

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29. 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial

evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).

## 2. Analysis

Defendant argues the trial court committed reversible error by denying his motion to dismiss the charge of possession of a firearm by a felon because the State failed to present substantial evidence tending to show Defendant constructively possessed the firearm seized from 1629 Strother Road. However, when Defendant moved to dismiss the charge at trial, Defendant did not make this argument. Instead, Defendant argued the State presented insufficient evidence to prove his identity as the perpetrator of the offense. He does not assert that argument on appeal.

An appellate court will not consider a different theory on appeal from the one presented to the trial court. *State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988); *State v. Smarr*, 146 N.C. App. 44, 56, 551 S.E.2d 881, 888 (2001), *disc. rev. denied*, 355 N.C. 291, 561 S.E.2d 500 (2002). "Defendant may not swap horses after trial in order to obtain a thoroughbred upon appeal." *Benson*, 323 N.C. at 322, 372

S.E.2d at 519.

Because Defendant asserts his argument regarding constructive possession for the first time on appeal, we dismiss it.

## IV.    Conclusion

The trial court did not err by denying Defendant's motion to suppress or by failing to dismiss the charge of possession of a firearm by a felon.  Defendant received a fair trial, free from the prejudicial errors he preserved and argued.  We discern no error in the jury's verdicts or in the judgments entered thereon.  *It is so ordered.*

NO ERROR.

Judges WOOD and FREEMAN concur.

Report per Rule 30(e).