STATE OF NORTH CAROLINA v. STANLEY T. MAVROGIANIS

No. 8110SC894

(Filed 4 May 1982)

**Searches and Seizures § 24— probable cause for warrant to search car**

An officer's affidavit was sufficient to establish probable cause for the issuance of a warrant to search defendant's car for marijuana where it averred that defendant was a college student who resided in a dormitory room on the college campus and that a reliable confidential informant had told the officer that defendant had marijuana in his possession and was selling it, that the informant had seen marijuana in defendant's dormitory room, and that defend-

ant owned and had possession of a 1976 Ford Mustang with a specified license number, since a man of reasonable caution would be warranted in believing that a college student living on campus, who possessed and dealt in drugs, had drugs in both his dormitory room and his automobile parked on campus even though the drugs were seen only in his dormitory room.

APPEAL by the State from *Smith (Donald L.), Judge.* Order entered 6 August 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 3 February 1982.

Defendant was charged in separate indictments with (1) possession with intent to sell in excess of one gram of cocaine, (2) manufacturing cocaine, (3) possession of more than one gram of cocaine, and (4) possession of less than 1 ounce of marijuana, all on 8 May 1981.

The indictments were issued on the same day that cocaine and marijuana was found in defendant's 1976 Mustang automobile pursuant to a search warrant. Defendant moved to suppress the evidence seized pursuant to the search warrant on the grounds that the search warrant and search and seizure were unlawful.

It was stipulated that defendant was the owner of the 1976 Mustang, that defendant was a student at North Carolina State University and resided in Room 401-A Bragaw Dorm on the campus, that defendant's dorm room was searched first, that a razor blade and straw found in a dresser drawer were seized but no illicit drug was found in his room, and that then the defendant's Mustang was located in a parking lot (not on the premises of Bragaw Dorm) on campus, and upon search cocaine and marijuana were found in the vehicle.

The trial court found that defendant's Mustang when searched was in a parking lot for a building across the street approximately 100 yards from Bragaw Dorm. The motion to suppress was allowed, and the State appealed, having complied with G.S. 15A-979(c).

*Attorney General Edmisten by Assistant Attorney General J. Chris Prather for the State, appellant.*

*DeMent, Askew & Gaskins by Johnny S. Gaskins for defendant appellee.*

CLARK, Judge.

In the search of the defendant's automobile illicit drugs were found and seized by law enforcement officers. The drugs seized, if offered and admitted in evidence, would be tangible support for conviction of the defendant on some if not all of the charges against him. The trial court ruled that the evidence seized must be excluded because it violated the Fourth Amendment protection against "unreasonable" searches and seizures. The basis for the ruling was that the affidavit supporting the search warrant, relying on an informant's tip, did not state sufficient underlying circumstances for the magistrate to have probable cause to believe that illicit drugs were in the defendant's automobile. *See Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969); *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964); and G.S. 15A-244, -245.

The underlying affidavit contained the following information: The defendant was a student and resided in Bragaw Dormitory on the campus of North Carolina State University. The informant told the affiant officer that defendant had marijuana in his possession and was selling it, that informant had seen marijuana in his room, and that defendant owned and had possession of a 1976 Ford Mustang, License No. KNS-180.

We exclude exigent circumstances which would justify a warrantless search of the automobile. *Carroll v. United States*, 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280, 39 A.L.R. 790 (1925); 11 Strong's N.C. Index 3d *Searches and Seizures* § 11 (1978). We also exclude the application of the rule that a search warrant validly describing the property to be searched includes the curtilage and appurtenances of the place described. *See State v. Reid*, 286 N.C. 323, 210 S.E. 2d 422 (1974), which held that a valid search warrant for specifically described premises justified the search of an automobile located on the premises. In the case *sub judice* the automobile was not located in the parking lot of the dormitory where defendant lived. Nor is there a question as to sufficiency of the description of the automobile. Thus, the sole question on appeal is whether under the particular facts and circumstances of this case the magistrate had probable cause to believe that the defendant had marijuana in his automobile.

State v. Mavrogianis

The defendant was a student living on campus. He possessed, actually or constructively, a dormitory room and an automobile. There was reliable information that he was dealing in marijuana; that marijuana was seen in his room and on his person.

Probable cause exists when the facts and circumstances are sufficient to warrant a man of reasonable caution to believe that seizable objects are located at the place to be searched. *Brinegar v. United States*, 338 U.S. 160, 93 L.Ed. 1879, 69 S.Ct. 1302 (1949). A man of reasonable caution would be warranted in believing that a university student living on campus, who possessed and dealt in drugs, had drugs in both his dormitory room and his automobile parked on campus, even though the drug was seen only in his dormitory room. A college student living on campus and dealing in drugs would probably find the operation of the illicit trading within the confines of a dormitory room, where he would transact both the purchase from his supplier and the sale and delivery to his customers, to be fraught with the danger of discovery and apprehension. The student's automobile would be a convenient instrumentality for receiving, storing, and delivering his illicit merchandise. The circumstances are sufficient to warrant a man of reasonable caution to believe that drugs were located in defendant's car, which was particularly described in the search warrant.

We find the search warrant valid, the search and seizure of the drugs lawful, and the evidence admissible. In so doing, we do not narrow the scope of the Fourth Amendment guaranty against unreasonable searches and seizures by holding that the possession of an illicit drug at one place supports a finding of probable cause for the search of any other place or thing in the possession of the accused. Our decision must be viewed in light of the particular facts and circumstances of this case.

We are not unmindful of the decision of this Court in *State v. Mackay*, 56 N.C. App. 468, 291 S.E. 2d 663 (1982), affirming the suppression of evidence of 418 pounds of marijuana seized from the accused's van, but we find that case distinguishable because the search was warrantless by an officer who had no more than a suspicion that marijuana was in the van.

The order of suppression is

Reversed.

Judges ARNOLD and WHICHARD concur.