STATE OF NORTH CAROLINA v. ALFRED DIXON McCOY

No. 9021SC93

(Filed 6 November 1990)

**Searches and Seizures § 24 (NCI3d) — search warrant — motel room — probable cause — cocaine buys in other motel rooms**
    An affidavit was sufficient to establish probable cause for issuance of a warrant to search defendant's motel room for narcotics under the totality of the circumstances test where it alleged that an informant had made two controlled buys of cocaine from defendant at two other motel rooms within ten days of the application for the search warrant since the circumstances of the two prior sales of cocaine in other motel rooms reasonably leads to the inference that cocaine could be found in the third room.

**Am Jur 2d, Searches and Seizures §§ 42, 43.**

APPEAL by the State from an order entered 25 September 1989 by *Judge W. Steven Allen* in FORSYTH County Superior Court. Heard in the Court of Appeals 22 October 1990.

On 31 October 1988 defendant Alfred Dixon McCoy was indicted by a grand jury for trafficking in cocaine by possession. A hearing was held upon defendant's motion to suppress evidence obtained as a result of an allegedly invalid search warrant. From the order granting defendant's motion to suppress evidence, the State appealed.

On 25 August 1988 two detectives with the Forsyth County Sheriff's Department Narcotics Division secured a warrant to search room 406 of the Innkeeper Motel on Peters Creek Parkway in Winston-Salem, North Carolina. Room 406 was registered to defendant. As a result of the search, the officers found nine glassine envelopes of cocaine, a brown glass bottle containing 29.64 grams of cocaine and a white plastic bottle containing 17.38 grams of cocaine. The total amount of cocaine seized from defendant was

in excess of 57 grams. Finding that the affidavit in support of the application for search warrant "failed to implicate the premises to be searched," the trial judge ruled this evidence not admissible.

The application for the search warrants contained the following pertinent information:

The applicants for the search warrant received information from an informant that the informant had purchased cocaine from defendant. To confirm the reliability of the informant, the applicants supervised two controlled purchases of cocaine by the informant from defendant. The first controlled buy occurred on or after 15 August 1988. The purchase occurred at room 203 of the Econo Lodge located on Germantown Road in Winston-Salem. As a result of this controlled purchase, a search warrant was issued on 18 August 1988 for a search of room 203. Defendant had vacated the premises, however, before officers could serve the warrant.

Similarly, on or after 21 August 1988, the applicants used the informant to purchase cocaine from defendant at room 209 of the same Econo Lodge in Winston-Salem. A search warrant for room 209 was obtained and executed on 23 August, but again defendant had vacated the premises. The applicants were informed that room 209 was registered to defendant from 21 August through 23 August until approximately 11:00 a.m. The receipt for room 209 showed that two persons had occupied the room. Receipt from the room registration of room 203 show it had been registered to.Vickie Thompson from 15 August through 18 August. Both Vickie Thompson and defendant had given Winston-Salem addresses as their home addresses on the motel registrations.

On 25 August 1988 applicants were informed that defendant was occupying room 406 at the Innkeeper Motel on Peters Creek Parkway in Winston-Salem. Officers confirmed this information through the desk clerk and established surveillance of room 406. Officers also determined that Vickie Thompson's automobile was parked in the Innkeeper parking lot, and in the early afternoon of 25 August defendant was seen operating Ms. Thompson's automobile.

A local criminal history check showed that defendant previously had been convicted of selling drugs.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Doris J. Holton, for the State, appellant.*

*No brief filed for appellee.*

ARNOLD, Judge.

The standard for a court reviewing the issuance of a search warrant is "whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728, 80 L.Ed.2d 721, 724 (1984); *see Illinois v. Gates*, 462 U.S. 213, 76 L.Ed.2d 527 (1983). North Carolina adopted the "totality of the circumstances" approach for determining the existence of probable cause in *State v. Arrington*, 311 N.C. 633, 643, 319 S.E.2d 254, 261 (1984). Thus, the task of the issuing judicial officer is to make a common-sense decision based on all the circumstances that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, at 238, 76 L.Ed.2d at 548. The State contends that the trial judge applied a standard more stringent than "fair probability" in reviewing the application and erred by suppressing the evidence for lack of probable cause to search.

Application for a search warrant must be supported by statements "particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places . . . to be searched . . . ." N.C. Gen. Stat. § 15A-244(3) (1988). Conclusory statements concerning the location of the items sought are not sufficient to establish probable cause. *State v. Campbell*, 282 N.C. 125, 191 S.E.2d 752 (1972). The affidavits must establish a nexus between the objects sought and the place to be searched. *State v. Goforth*, 65 N.C. App. 302, 309 S.E.2d 488 (1983); *Campbell*, 282 N.C. 125, 191 S.E.2d 752; LaFave, *Search and Seizure*, § 3.1(b) n.´26 (2d ed. 1987). Usually this connection is made by showing that criminal activity actually occurred at the location to be searched or that the fruits of a crime that occurred elsewhere are observed at a certain place. "Difficult problems can arise, however, where such direct information concerning the location of the objects is not available and it must be determined what reasonable inferences may be entertained concerning the likely location of those items." LaFave, *supra* § 3.7(d) at 103.

There is no firsthand evidence in the affidavits supporting this search warrant application that cocaine had been observed

in room 406 of the Innkeeper Motel on 25 August. No controlled buys occurred at the location nor was any criminal activity observed by the surveillance team stationed outside the room that day. We are left here with deciding whether the circumstances of the two prior sales of cocaine in other motel rooms within a ten-day period reasonably leads to the inference that cocaine could be found in the third room. North Carolina case law supports the premise that firsthand information of contraband seen in one location will sustain a finding to search a second location. Probable cause was found for the search of a party's residence and automobile where drugs had previously been seen only in the party's residence. *State v. Mavrogianis*, 57 N.C. App. 178, 291 S.E.2d 163 (1982), *disc. rev. denied*, 306 N.C. 562, 294 S.E.2d 227 (1982).

When evidence of previous criminal activity is advanced to support a finding of probable cause, a further examination must be made to determine if the evidence of the prior activity is stale. In *Sgro v. United States*, 287 U.S. 206, 77 L.Ed. 260 (1932), the Supreme Court held that a second search warrant cannot be issued on the same showing of probable cause that supported the issuance of an earlier warrant after the first search warrant becomes void. The first warrant had been issued three weeks prior to the second one. The Court said there must be additional proof of probable cause sufficient at the time of issuing the second warrant. *Id.* at 211, 77 L.Ed. at 263. Whether the proof meets that test is determined by circumstances of each case. *Id.*

Generally, two factors determine whether evidence of previous criminal activity is sufficient to later support a search warrant: (1) the amount of criminal activity and (2) the time period over which the activity occurred. "Absent additional facts tending to show otherwise, a one-shot type of crime, such as a single instance of possession or sale of some contraband, will support a finding of probable cause only for a few days at best." LaFave, *supra* § 3.7(a) at 78. "However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant." *U.S. v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972). The continuity of the offense may be the most important factor in determining whether the probable cause is valid or stale. In this case, two controlled buys of cocaine between an informant and defendant occurred within ten days of the application for the search warrant. The most recent purchase occurred not more than four days earlier.

In the end we must return to the question of whether it was reasonably probable, judging from the totality of the circumstances, that the contraband sought could be found in the location to be searched. The facts here show that a suspect, previously convicted of selling drugs, had within a ten-day period rented three different motel rooms, each time for several days, in a city in which he had a local address, and that at two of those locations he had sold cocaine. Based on these facts, it was reasonable to infer that when the suspect occupied the third room, he still possessed the cocaine.

The order of the trial court is reversed.

Chief Judge HEDRICK and Judge PHILLIPS concur.