TYSON, Judge.
 

 *849
 
 Tammy Renee Howard ("Defendant") appeals from judgment entered upon a jury's conviction of felonious use or possession of counterfeit trademark goods with intent to sell and having a value exceeding $10,000. We find no error in the trial court's denial of Defendant's motion to suppress. We remand to the trial court to enter appropriate conclusions of law.
 

 I. Background
 

 On 22 June 2015, North Carolina Secretary of State's Trademark Enforcement Division Special Agent Derek Wiles ("Agent Wiles") obtained a search warrant to search the residence and vehicles located at 13606 Coram Place in Charlotte, North Carolina. During the search of the premises, Agent Wiles and his team discovered counterfeit items located in the house, garage, and inside a van parked adjacent to the house. The officers seized hundreds of counterfeit items, including handbags, watches, and sunglasses, as well as over 2700 designer labels, with an approximate suggested retail value of two million dollars.
 

 Defendant was indicted for felony criminal use of counterfeit trademark on 19 January 2016. On 13 March 2017, she filed a motion to suppress all the evidence recovered and all statements made in connection with the search of 13606 Coram Place. The trial court denied Defendant's motion. Defendant failed to object to the subsequent entry and admission at trial of evidence obtained as a result of the search.
 

 The jury returned a verdict finding Defendant guilty of felony use or possession of counterfeit trademark goods. Defendant was sentenced to 6-17 months imprisonment, which was suspended for 36 months of supervised probation. Defendant was required to serve an active sentence of 45 days during
 
 *235
 
 the first 12 months of her probation. Defendant entered timely notice of appeal.
 

 II. Jurisdiction
 

 An appeal of right lies with this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2017).
 

 *850
 

 III. Issues
 

 Defendant argues the trial court erred by denying her motion to suppress, and in the alternative, the trial court erred by failing to provide its rationale during its ruling from the bench.
 

 IV. Motion to Suppress
 

 A. Standard of Review
 

 Defendant failed to object at trial to the entry of the evidence obtained from the search of 13606 Coram Place to preserve the error, but has assigned plain error review on appeal.
 
 See
 

 State v. Miller
 
 ,
 
 198 N.C. App. 196
 
 , 198,
 
 678 S.E.2d 802
 
 , 805 (2009).
 

 To show plain error, "a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty."
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 518,
 
 723 S.E.2d 326
 
 , 334 (2012) (citation and internal quotation marks omitted).
 

 B. Probable Cause for Search
 

 Defendant argues the trial court erred in denying her motion to suppress. She asserts no reasonable grounds existed to believe the search would reveal evidence of criminal activity at 13606 Coram Place. We disagree.
 

 A search warrant cannot be constitutionally issued absent a finding of probable cause. U.S. Const. amend. IV ; N.C. Const., art. I, § 20. "Probable cause means that there must exist a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender."
 
 State v. Lindsey
 
 ,
 
 58 N.C. App. 564
 
 , 565,
 
 293 S.E.2d 833
 
 , 834 (1982) (citation and internal quotation marks omitted).
 

 Our statutes mandate that an application for a search warrant must include a statement under oath that probable cause exists to believe items subject to seizure may be found at the described place that is the subject of the search, and allegations of fact supporting the statement, which may be further supported by one or more affidavits. N.C. Gen. Stat. § 15A-244 (2017). The affidavit "must establish a nexus between the objects sought and the place to be searched. Usually this connection is made by showing that criminal activity actually occurred at the location to be searched or that the fruits of a crime that occurred elsewhere are
 
 *851
 
 observed at a certain place."
 
 State v. McCoy
 
 ,
 
 100 N.C. App. 574
 
 , 576,
 
 397 S.E.2d 355
 
 , 357 (1990) (internal citations and quotation marks omitted).
 

 The Supreme Court of the United States has established a "totality of the circumstances" test to determine whether the State has proved that probable cause exists.
 
 Illinois v. Gates
 
 ,
 
 462 U.S. 213
 
 , 230,
 
 103 S.Ct. 2317
 
 , 2328,
 
 76 L.Ed. 2d 527
 
 , 543 (1983). The Supreme Court of North Carolina adopted this same test.
 
 State v. Arrington
 
 ,
 
 311 N.C. 633
 
 , 643,
 
 319 S.E.2d 254
 
 , 260-61 (1984). When applying the "totality of the circumstances" test, an "affidavit is sufficient if it supplies reasonable cause to believe that the proposed search ... probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender."
 
 Id.
 
 at 636,
 
 319 S.E.2d at 256
 
 (citation omitted).
 

 The affidavit Agent Wiles submitted to establish probable cause for the warrant contains the following information: Agent Wiles possessed twenty-six years of law enforcement experience, during which time he had investigated thousands of cases involving counterfeit merchandise. At the time of the application, he was employed and assigned to the Secretary of State's Trademark Enforcement Division.
 

 On 8 May 2013, a Mecklenburg County police officer informed Agent Wiles that Defendant had been found to be in possession of possible counterfeit items. She was charged
 
 *236
 
 with a violation of Charlotte's peddler's license ordinance. The items seized were later confirmed to be counterfeit.
 

 As part of a compliance check/counterfeit merchandise interdiction operation at the DHL International Hub in Charlotte on 7 October 2013, Agent Wiles intercepted two packages from a known counterfeit merchandise distributor in China, addressed to Defendant at 13606 Coram Place. The boxes were inspected and were found to contain counterfeit handbags, wallets, watches, and headphones. Agent Wiles attempted a "controlled delivery" of the packages to 13606 Coram Place, but no one was home. Two other packages previously delivered by DHL were present on the porch. Agent Wiles contacted Defendant, who agreed to meet with him and consented to him bringing the other two packages with him. Defendant consented to a search of the other two packages left at the address, which contained additional counterfeit merchandise. Defendant stated she did not realize the merchandise was counterfeit, voluntarily surrendered it all, and was issued a warning.
 

 Agent Wiles was working as a part of a compliance check outside of the Bank of America Stadium during a Carolina Panthers football game
 
 *852
 
 on 3 November 2013. Defendant, doing business as "Store on Wheels," was found selling counterfeit handbags, wallets, and other items from two SUVs. Defendant was charged with felony criminal use of a counterfeit trademark, and pled guilty to the lesser included misdemeanor charge on 4 March 2014.
 

 During another compliance check, outside of the Charlotte Convention Center on 30 May 2015, Agent Wiles found a booth rented by a business called "Store on Wheels." The booth was unmanned, but contained a large display of counterfeit items. Business cards were found at the booth with the "Store on Wheels" business name on them, along with the name "Tammy" listed as the owner. Prior to applying for the search warrant, Agent Wiles substantiated the address of 13606 Coram Place "to be the location of the [sic] Tammy Renee Howard."
 

 C. Location of Counterfeit Items
 

 Defendant asserts the affidavit failed to contain sufficient evidence to support a reasonable belief that evidence of counterfeit items would be found at 13606 Coram Place.
 

 Defendant argues
 
 State v. Parson
 
 , --- N.C. App. ----,
 
 791 S.E.2d 528
 
 (2016), controls the outcome of this case. In
 
 Parsons
 
 , the defendant was dropped off at a "burned residence and blue recreational vehicle/motor home located at 394 Low Gap Road" after allegedly purchasing decongestant used to manufacture methamphetamine.
 

 Id.
 

 at ----,
 
 791 S.E.2d at 538
 
 . The officers established surveillance at that location, and witnessed the defendant exiting the recreational vehicle.
 

 Id.
 

 The officers approached and asked the defendant to search the house and recreational vehicle, but the defendant refused.
 

 Id.
 

 This Court found that those allegations in the affidavit were insufficient to connect the property location with any illegal activity.
 

 Id.
 

 Defendant asserts the finding that "[n]othing in the affidavit provides context to where Defendant's 'home' was or that his 'home' was 394 Low Gap Road" is similar to the situation in this case.
 

 Id.
 

 "[T]he simple fact that an individual is dropped off at a particular address does not establish probable cause to search that address
 
 in the absence of other allegations of criminal activity
 
 ."
 

 Id.
 

 (emphasis supplied).
 

 The affidavit in the present case included evidence of counterfeit merchandise being previously delivered to 13606 Coram Place, and evidence Defendant was continuing to conduct her business selling counterfeit items, after previous warnings and arrests, less than a month before the search warrant was executed. Agent Wiles also attested
 
 *853
 
 under oath that he had substantiated Defendant resided at 13606 Coram Place. Even if Agent Wiles "did not spell out in exact detail" how he substantiated Defendant's address, the affidavit includes sufficient evidence connecting the presence of counterfeit materials with the address of 13606 Coram Place.
 
 See
 

 State v. Edwards
 
 ,
 
 185 N.C. App. 701
 
 , 705,
 
 649 S.E.2d 646
 
 , 649 (2007).
 
 *237
 
 After viewed in its totality, and not as singular instances or isolated events, sufficient evidence supports a reasonable cause to believe a search of 13606 Coram Place would produce contraband evidence of Defendant's criminal activity.
 
 See
 

 Arrington
 
 ,
 
 311 N.C. at 636
 
 ,
 
 319 S.E.2d at 256
 
 . Defendant's argument is overruled.
 

 D. Evidence was not Stale
 

 Defendant also argues the evidence alleged in the affidavit was stale, and specifically asserts the only evidence linking the address of 13606 Coram Place with criminal activity allegedly took place in October 2013, some twenty months prior to the issuance of the search warrant.
 

 "Generally, two factors determine whether evidence of previous criminal activity is sufficient to later support a search warrant: (1) the amount of criminal activity and (2) the time period over which the activity occurred."
 
 McCoy
 
 ,
 
 100 N.C. App. at 577
 
 ,
 
 397 S.E.2d at 358
 
 . No bright line rule exists governing the amount of time lapse considered reasonable, but such consideration depends "upon such variable factors as the character of the crime and the criminal, the nature of the item to be seized and the place to be searched."
 
 Lindsey
 
 ,
 
 58 N.C. App. at 566
 
 ,
 
 293 S.E.2d at 834
 
 (citation omitted).
 

 In cases where contraband is likely to be sold and disposed of, information obtained over a year prior has been held to be too stale to support probable cause to search.
 
 Id.
 
 at 567,
 
 293 S.E.2d at 835
 
 . However, in cases where "the alleged crime is a complex one taking place over a number of years [and] [t]he place to be searched is an ongoing business," information that is fourteen months old is not considered stale.
 
 State v. Louchheim
 
 ,
 
 296 N.C. 314
 
 , 323,
 
 250 S.E.2d 630
 
 , 636 (1979). "[W]here the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant."
 
 McCoy
 
 ,
 
 100 N.C. App. at 577
 
 ,
 
 397 S.E.2d at 358
 
 .
 

 Defendant argues this case is more similar to the facts in
 
 Lindsey
 
 , as the evidence concerned counterfeit contraband, likely to be sold and disposed of. However, the evidence in
 
 Lindsey
 
 concerned marijuana, which is a substance not only likely to be sold, but is also "easily
 
 *854
 
 concealed and moved about."
 
 58 N.C. App. at 567
 
 ,
 
 293 S.E.2d at 835
 
 . It appears Defendant conducted her business out of multiple vehicles and a rented booth, making the counterfeit items easy to move. It is reasonable to believe Defendant kept a large stock of contraband inventory on hand for sale, requiring an appropriate storage location. The evidence tends to show Defendant had been conducting this business over a number of years, at numerous locations, and the process was complex, necessitating the acquisition of knock-off merchandise from China and the attachment of false designer labels.
 

 The facts of this case are more similar to those in
 
 Louchheim
 
 , where information supporting the warrant that was fourteen months old was held not to be stale.
 
 296 N.C. at 323
 
 ,
 
 250 S.E.2d at 636
 
 . Because of the history and apparent continuous nature of Defendant's business, evidence that occurred twenty months prior to the execution of the search warrant is not so far removed to be considered stale as a matter of law. Defendant's argument is overruled.
 

 V. Findings of Fact and Conclusions of Law
 

 Defendant alternatively argues this matter should be remanded to the trial court for findings of fact and conclusions of law to support its ruling on her motion to suppress.
 

 After a motion to suppress evidence is presented at the trial court, "[t]he judge
 
 must set forth in the record
 
 his findings of fact and conclusions of law." N.C. Gen. Stat. § 15A-977(f) (2017) (emphasis supplied). Our Supreme Court has held, "the absence of factual findings alone is not error because only a material conflict in the evidence-one that potentially affects the outcome of the suppression motion-must be resolved by explicit factual findings that show the basis for the trial court's ruling."
 
 State v. Faulk
 
 , --- N.C. App. ----, ----,
 
 807 S.E.2d 623
 
 , 630 (2017) (quoting
 
 State v. Bartlett
 
 ,
 
 368 N.C. 309
 
 , 312,
 
 776 S.E.2d 672
 
 , 674 (2015) ) (internal quotation marks omitted). Even so, "it is still the trial court's responsibility to make
 
 *238
 
 the conclusions of law."
 
 State v. McFarland
 
 ,
 
 234 N.C. App. 274
 
 , 284,
 
 758 S.E.2d 457
 
 , 465 (2014).
 

 The State argues no material conflicts in the evidence exist, and the trial court's conclusion was clear from its ruling. The record of the suppression hearing reveals no material conflicts existed. Defense counsel called Agent Wiles as a witness, and introduced a copy of the search warrant and a photograph taken at the time the search warrant was executed.
 

 Agent Wiles' testimony revealed that (1) the search warrant had initially included a typographical error, identifying the premise to be
 
 *855
 
 searched as 13605 Coram Place in a few paragraphs; (2) some houses in the location were of a similar construction as Defendant's; and, (3) the warrant referenced past events, specifically the October 2013 incident, where multiple packages delivered by DHL to 13606 Coram Place were found to contain counterfeit evidence.
 

 On cross-examination, the State did not dispute any of the evidence, but clarified that (1) the warrant also contained the correct address; (2) once Agent Wiles realized the typographical error, he had the area secured and returned to the magistrate to correct the address; and, (3) Agent Wiles experienced no issue identifying Defendant's house to execute the search warrant, because he had previously been to her house, specifically in October 2013.
 

 "It previously has been determined that a material conflict in the evidence does not arise when the record on appeal demonstrates that defense counsel cross-examined the State's witnesses at the suppression hearing."
 
 State v. Baker
 
 ,
 
 208 N.C. App. 376
 
 , 383,
 
 702 S.E.2d 825
 
 , 830 (2010). While Agent Wiles was called as Defendant's witness at the suppression hearing, he was a witness for the State in the subsequent trial. Defendant presented evidence at the hearing, which was given by the officer who had applied for and executed the search warrant, and none of which was contradicted by the State's cross-examination.
 

 While no material conflicts exist in the evidence presented at the suppression hearing, the judge failed to provide any rationale from the bench to explain or support his denial of Defendant's motion. The only statement from the trial court concerning Defendant's motion was, "I'm going to allow the case to go forward with some reluctance, but-I'm going to deny the Motion to Suppress." This lack of rationale from the bench "precludes meaningful appellate review."
 
 Faulk
 
 , --- N.C. App. at ----,
 
 807 S.E.2d at 630
 
 .
 

 The trial court's failure to articulate or record its rationale from the bench supports a remand.
 
 McFarland
 
 ,
 
 234 N.C. App. at 284
 
 ,
 
 758 S.E.2d at 465
 
 ("The mandatory language of N.C. Gen. Stat. § 15A-977(f) ... forces us to conclude that the trial court's failure to make any conclusions of law in the record was error.").
 

 Where there is prejudicial error in the trial court involving an issue or matter not fully determined by that court, the reviewing court may remand the cause to the trial court for appropriate proceedings to determine the issue or matter without ordering a new trial. If the trial court determines that the motion to suppress was properly
 
 *856
 
 denied, then defendant would not be entitled to a new trial because there would have been no error in the admission of the evidence, and his convictions would stand. If, however, the court determines that the motion to suppress should have been granted, defendant would be entitled to a new trial. We have found no other prejudicial error at defendant's trial. Therefore, the trial court's failure to make adequate conclusions to support its decision to deny defendant's motion to suppress does not require that we order a new trial.
 

 McFarland
 
 ,
 
 234 N.C. App. at 284
 
 ,
 
 758 S.E.2d at 465
 
 (internal citations and quotation marks omitted).
 

 As in
 
 McFarland
 
 and
 
 Faulk
 
 , we remand for the trial court to make appropriate conclusions of law to substantiate its ruling upon Defendant's motion to suppress.
 
 See
 
 id.
 

 ;
 
 see also
 

 Faulk
 
 , --- N.C. App. at ----,
 
 807 S.E.2d at 630
 
 .
 

 *239
 

 VI. Conclusion
 

 Applying the "totality of the circumstances" test, Agent Wiles' affidavit accompanying the application for the search warrant for 13606 Coram Place contained sufficient evidence to show the required nexus between the items sought and the location to be searched.
 
 McCoy
 
 ,
 
 100 N.C. App. at 576
 
 ,
 
 397 S.E.2d at 357
 
 . Due to the nature of the alleged, continuing criminal activity, the evidence presented in the affidavit was not stale and supports a finding of probable cause.
 
 Id.
 
 at 577,
 
 397 S.E.2d at 358
 
 . Defendant has failed to show error, let alone plain error, in the trial court's denial of her motion to dismiss.
 

 The statutorily mandated conclusions of law to support the trial court's denial were not met. N.C. Gen. Stat. § 15A-977(f). We remand to the trial court for entry of appropriate conclusions of law in accordance with the statute and consistent with the precedents cited above.
 
 See
 

 McFarland
 
 ,
 
 234 N.C. App. at 284
 
 ,
 
 758 S.E.2d at
 
 465 ;
 
 see also
 

 Faulk
 
 , --- N.C. App. at ----,
 
 807 S.E.2d at 630
 
 .
 
 It is so ordered.
 

 NO ERROR IN PART AND REMANDED.
 

 Judges ELMORE and ZACHARY concur.