IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-1099

 Filed: 17 July 2018

Guilford County, Nos. 16 CRS 83453–54, 17 CRS 24408

STATE OF NORTH CAROLINA

 v.

MICHAEL SHANE WINCHESTER

 Appeal by defendant from judgments entered 3 August 2017 by Judge R.

Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals

11 April 2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Marie H. Evitt
 and Special Deputy Attorney General Derrick C. Mertz, for the State.

 Law Office of Barry C. Snyder, by Barry C. Snyder and Gabriel Snyder, for
 defendant.

 ELMORE, Judge.

 Defendant Michael Shane Winchester appeals from judgments entered after

he pled guilty to two counts of attempted heroin trafficking, one count of possession

with intent to sell and deliver heroin, and one count of keeping or maintaining a

dwelling to keep and sell heroin. He argues the trial court erred by denying his

motions to suppress evidence obtained pursuant to the executions of a warrant to

search his person, vehicle, and residence for drug dealing evidence, and by denying

his motion to suppress certain statements he made in response to police questioning
 STATE V. WINCHESTER

 Opinion of the Court

while he was in custody and before he was read his Miranda rights. Because probable

cause supported the warrant, the searches and seizure were constitutionally

reasonable and, even if defendant’s responses should have been suppressed, any error

in the trial court’s ruling was harmless beyond a reasonable doubt. Accordingly, we

affirm the trial court’s order.

 I. Background

 The trial court’s unchallenged findings reveal the following facts. On 23

August 2016, after a three-months long police investigation prompted by a tip from a

confidential informant that defendant was dealing heroin, Detective Ryan C. Cole of

the Guilford County Sheriff’s Office obtained a warrant to search defendant’s

residence at 4103 Falconridge Road in Greensboro for drug dealing evidence. The

search warrant also identified a 2013 white-over-red Range Rover bearing the North

Carolina registration number DFD-7872 as one of three vehicles to be searched, and

authorized searches of defendant and Chasity Desiree Jeffries.

 During the early morning that next day, Detective Cole held a tactical briefing

with a police taskforce organized to assist in executing the warrant. Detective Cole

discussed prior charges issued against defendant for possessing firearms, convictions

obtained against defendant related to drug activity, and defendant’s history of

keeping large dogs. The officers also discussed the possibility that others, including

Jeffries and possibly children, might be at the Falconridge residence. Due to these

 -2-
 STATE V. WINCHESTER

 Opinion of the Court

safety concerns, the officers decided to wait to execute the warrant to search the

Falconridge residence until after defendant left the premises.

 Around 9:45 a.m., about two hours after surveilling officers had been stationed

outside the Falconridge residence, they observed defendant leave the residence, enter

the identified Range Rover, and drive away. Detective Cole instructed assisting

officers to stop the vehicle to execute the warrant to search defendant and the Range

Rover. The officers tailed Range Rover in their patrol cars for about two miles until

it pulled into an Advance Auto Parts parking lot and parked. The officers pulled into

the parking lot, informed defendant he was under investigation, and detained him in

handcuffs.

 After Detective Cole arrived at the Advance Auto parking lot, he read

defendant the search warrant, and the officers executed the warrant by searching

defendant and the Range Rover. The search of defendant’s person yielded no

incriminating drug evidence. Although a police canine positively alerted for narcotics

at the Range Rover’s driver’s side door, the police search upon executing the warrant

ultimately yielded no drug evidence.

 While defendant was still being held in investigative detention at Advance

Auto and before he was read his Miranda rights, Detective Cole informed defendant

about the warrant to search the Falconridge residence and asked him whether there

were any other people including children or aggressive dogs at the residence, or

 -3-
 STATE V. WINCHESTER

 Opinion of the Court

whether there were any weapons being stored there. In response to Detective Cole’s

questioning, defendant replied that he had never been to the Falconridge residence

and denied having any knowledge of or involvement with that residence.

 Detective Cole then radioed authorization to the officers staking out the

Falconridge address to execute the search warrant on the residence. Those officers

announced “Sheriff’s Office, Search Warrant” three times and, after hearing no

response, broke down the front door using a ramming device. The entering officers

discovered Jeffries inside and detained her incident to the search. Soon after the

officers entered the premises, defendant was returned to the Falconridge residence

while the officers completed their search. That search revealed a large quantity of

heroin stored in the kitchen, as well as several items related to packaging and

distributing illegal drugs.

 On 7 November 2016, a grand jury indicted defendant for maintaining a

dwelling to keep and sell heroin, trafficking heroin by possessing twenty-eight grams

or more of heroin, and possession with intent to sell or deliver heroin. On 10 March

2017, defendant moved to suppress all evidence seized from the searches of his person

and the Range Rover at Advance Auto, and from the search of the Falconridge

residence, as well as all statements he made in response to police questioning before

he was read his Miranda rights.

 -4-
 STATE V. WINCHESTER

 Opinion of the Court

 After a 9 May 2017 suppression hearing, the trial court entered an order that

in relevant part denied defendant’s motion to suppress the evidence seized pursuant

to the execution of the warrant, as well as his responses to Detective Cole’s

questioning about the Falconridge residence while he was in custody at Advance

Auto.1 The trial court concluded in relevant part the search warrant was supported

by probable cause; defendant’s seizure was reasonable; the execution of the warrant

on the Falconridge residence neither violated our General Statutes nor defendant’s

constitutional rights; and defendant’s responses to Detective Cole’s questioning at

Advance Auto were admissible, despite not having been advised of his Miranda

rights, because the questioning fell under the “public safety” exception to the Miranda

requirement. See New York v. Quarles, 467 U.S. 649, 104 S. Ct. 2626 (1984).

 On 3 August 2017, defendant entered a plea agreement in which he pled guilty

to two counts of attempted heroin trafficking by manufacturing twenty-eight grams

or more of heroin and by possessing twenty-eight grams or more of heroin, possession

with intent to sell and deliver heroin, and maintaining a dwelling to keep and sell

heroin, while reserving his right to appeal the trial court’s suppression rulings. The

trial court sentenced defendant to two consecutive terms of sixty to eight-four months

in prison. Defendant appeals.

 II. Analysis

1 The trial court granted defendant’s motion to suppress certain other statements he made while in
custody and after he was transported from Advance Auto, but those rulings are not at issue on appeal.

 -5-
 STATE V. WINCHESTER

 Opinion of the Court

 On appeal, defendant contends the trial court erred by denying his suppression

motions on the following grounds: (1) the searches of his person and vehicle were

constitutionally unreasonable because the warrant lacked probable cause; (2) the

seizure of his person was constitutionally unreasonable because he was detained too

far away from the residence to constitute a lawful detention incident to the execution

of a search warrant on the premises, see Bailey v. United States, 568 U.S. 186, 133 S.

Ct. 1031 (2013); (3) the search of the residence was unreasonable because the officers

violated N.C. Gen. Stat. § 15A-251’s knock-and-announce requirement; and (4) his

responses to Detective Cole’s questioning at Advance Auto about the Falconridge

address were obtained in violation of his Miranda rights.

A. Review Standard

 Our review of a trial court’s denial of a motion to suppress is “strictly limited

to determining whether the trial judge’s underlying findings of fact are supported by

competent evidence, in which event they are conclusively binding on appeal, and

whether those factual findings in turn support the judge’s ultimate conclusions of

law.” State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). But where, as

here, a defendant fails to challenge the evidentiary support of any finding, our review

is further “limited to whether the trial court’s findings of fact support its conclusions

of law.” State v. Cheek, 351 N.C. 48, 63, 520 S.E.2d 545, 554 (1999) (citing State v.

Watkins, 337 N.C. 437, 438, 446 S.E.2d 67, 68 (1994)). “The trial court’s conclusions

 -6-
 STATE V. WINCHESTER

 Opinion of the Court

of law . . . are fully reviewable on appeal.” State v. Hughes, 353 N.C. 200, 208, 539

S.E.2d 625, 631 (2000).

B. Searches of Defendant and his Vehicle

 Defendant first asserts the searches of his person and vehicle were

unreasonable because the warrant lacked probable cause. He concedes Detective

Cole’s “search warrant application may [have] support[ed] probable cause for a search

of the [Falconridge residence] . . . based upon the trash pulls” but argues it failed to

provide probable cause to search him or his vehicle. According to defendant, the

allegations of the warrant application supporting those searches were founded upon

unreliable statements from a confidential informant, and the drug dealing evidence

recovered from the multiple trash pulls at the Falconridge residence was “ ‘stale’ and

lacked any connection to [him].” We disagree.

 A search warrant affidavit must contain sufficient information to establish

probable cause “to believe that the proposed search for evidence probably will reveal

the presence upon the described premises of the items sought and that those items

will aid in the apprehension or conviction of the offender.” State v. Arrington, 311

N.C. 633, 636, 319 S.E.2d 254, 256 (1984) (citing State v. Riddick, 291 N.C. 399, 406,

230 S.E.2d 506, 511 (1976)). “A magistrate must ‘make a practical, common-sense

decision,’ based on the totality of the circumstances, whether there is a ‘fair

probability’ that contraband will be found in the place to be searched.” State v.

 -7-
 STATE V. WINCHESTER

 Opinion of the Court

McKinney, 368 N.C. 161, 164, 775 S.E.2d 821, 824 (2015) (quoting Illinois v. Gates,

462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983)). “We review de novo a trial court’s

conclusion that a magistrate had probable cause to issue a search warrant.” State v.

Worley, ___ N.C. App. ___, ___, 803 S.E.2d 412, 416 (2017) (citing State v. Allman, 369

N.C. 292, 296–97, 794 S.E.2d 301, 305 (2016)).

 Here, the trial court issued the following unchallenged findings:

 2. . . . [D]uring the months of April and May 2016, Detective
 . . . Cole . . . learned that the defendant may be selling
 heroin and other dangerous drugs from a residence located
 on Falcon Ridge Court in Greensboro, North Carolina;

 3. . . . [A] confidential informant known to Detective Cole
 advised that the defendant was using a Red and White
 Land Rover Range Rover to transport heroin and other
 dangerous drugs to and from the subject premises, and
 further selling dangerous drugs from the vehicle. The
 confidential informant was able to provide an accurate
 description of the [Range Rover], including providing an
 accurate license tag number;

 ....

 5. . . . [B]ased upon the information provided by the
 confidential informant, Detective Cole began a criminal
 investigation of the defendant, the [Range Rover] and
 ultimately the [Falconridge residence];

 6. . . . [A]s part of Detective Cole’s investigation, [he]
 applied for and received authorization to put an electronic
 GPS tracking device on the [Range Rover];

 7. . . . Detective Cole solicited the assistance of other
 deputies with the Sheriff’s Office and officers with assisting
 agencies to conduct visual surveillance of the defendant

 -8-
 STATE V. WINCHESTER

 Opinion of the Court

and the defendant’s activities, including locations the
defendant frequented while driving the [Range Rover];

8. . . . [B]ased upon the electronic and visual surveillance
of the defendant and the [Range Rover], Detective Cole
learned that the defendant appeared to reside at the
[Falconridge] residence;

9. . . . [A]s a result of the electronic and visual surveillance,
Detective Cole learned that the defendant frequented
locations known for the sale of illegal drugs, including
heroin, including a residence . . . well known to Detective
Cole to be a location where dangerous drugs were sold;

10. . . . [O]n August 14, 2016 the defendant was stopped, at
the direction of Detective Cole, while operating the [Range
Rover]. At that stop the defendant’s vehicle was displaying
a fictitious or altered license tag, and the defendant was
operating the [Range Rover] at a time when his driving
privileges had been suspended or revoked. The defendant
was arrested for these offenses on that date;

11. . . . Detective Cole, with assistance of other law
enforcement officers working on the criminal investigation
of the defendant, performed several “trash pulls” at the
[Falconridge] residence;

12. . . . [T]he aforementioned “trash pulls” at the
[Falconridge] residence yielded contents including
paraphernalia that tested positive for the presence of
heroin and cocaine, as well as utility bills and other paper
material that demonstrated that the defendant resided at
the [Falconridge] residence;

13. . . . [T]he most recent “trash pull” that yielded material
testing positive for dangerous drugs had occurred within
one week of the subject searches[.]

 -9-
 STATE V. WINCHESTER

 Opinion of the Court

 These binding findings support the trial court’s conclusion that the magistrate

had probable cause to issue the warrant to search defendant and the Range Rover for

drug dealing evidence. The confidential informant’s statements were corroborated by

the months-long police investigation, the drug dealing evidence recovered from the

multiple trash pulls was not stale, and the allegations sufficiently linked defendant

and the Range Rover to the Falconridge residence and the known drug evidence.

 In his warrant affidavit, Detective Cole alleged that police surveilling

defendant observed him driving the identified Range Rover multiple times; visual

and electronic surveillance of the Range Rover revealed it frequented places known

to be involved in drug dealing activity and would “travel to locations, stay a short

amount of time, and then leave the locations,” which Detective Cole opined, in his

experience, was “behavior . . . indicative of narcotics distribution”; and police observed

the Range Rover parked in the Falconridge residence driveway. Additionally, police

at least twice observed defendant leaving the Falconridge residence, that residence

was listed as defendant’s most recent address in a DMV database, utilities to the

Falconridge residence were held in defendant’s name, the report generated after a

911 complaint regarding unleashed animals at the Falconridge residence indicated

defendant was “the owner of two or three pit bulls which were running loose,” and

trash pulls on three occasions revealed drug dealing evidence and letters addressed

to defendant and other documents listing his name.

 - 10 -
 STATE V. WINCHESTER

 Opinion of the Court

 Under the totality of the circumstances, Detective Cole’s warrant affidavit

sufficiently linked defendant and the Range Rover to the drug dealing evidence

recovered from the trash pulls at the Falconridge residence. Additionally, based on

the affidavit reciting multiple trash pulls at the Falconridge residence revealing drug

dealing evidence, the last occurring one week prior to the warrant application, this

evidence was not stale under the circumstances. See State v. McCoy, 100 N.C. App.

574, 577, 397 S.E.2d 355, 358 (1990) (“[W]here the affidavit properly recites facts

indicating activity of a protracted and continuous nature, a course of conduct, the

passage of time becomes less significant. The continuity of the offense may be the

most important factor in determining whether the probable cause is valid or stale.”

(citations omitted)). Because Detective Cole’s warrant affidavit supplied the

magistrate probable cause to issue a warrant to search defendant and the Range

Rover for drug evidence, the trial court properly denied defendant’s motion to

suppress the evidence obtained pursuant to the execution of that warrant based upon

its validity.

C. Seizure of Defendant

 Defendant next asserts his seizure at Advance Auto was unreasonable under

Bailey v. United States, 568 U.S. 186, 133 S. Ct. 1031 (2013), because it occurred two

miles away from the Falconridge residence. Although Bailey instructs that police

detentions of occupants incident to the execution of a search warrant on a premises

 - 11 -
 STATE V. WINCHESTER

 Opinion of the Court

is spatially contained to the “immediate vicinity of a premises to be searched,” id. at

201, S. Ct. at 1043, defendant’s reliance on Bailey is misguided.

 In Bailey, the defendant-occupants were “stopped and detained at some

distance from the premises to be searched” and because the search warrant applied

only to the premises, “the only justification for the detention was to ensure the safety

and efficacy of the [premises] search.” Id. at 189–90, 133 S. Ct. at 1035. Since the

Court concluded the reasonableness of an occupant’s detention incident to the

execution of a search warrant “must be limited to the immediate vicinity of the

premises covered by a search warrant,” id. at 199, 133 S. Ct. at 1041, it held the

lawful warrant issued to search the premises did not justify seizing the former

occupants about one mile away from the premises to be searched. Id. at 202, 133 S.

Ct. at 1043. The Bailey Court therefore remanded the case with instructions for the

lower court to determine whether the officers had an independent justification for

seizing the occupants. Id.; see also id. at 202, 133 S. Ct. at 1042 (“If officers elect to

defer the detention until the suspect or departing occupant leaves the immediate

vicinity, the lawfulness of detention is controlled by other standards, including, of

course, a brief stop for questioning based on reasonable suspicion under Terry or an

arrest based on probable cause.”).

 Here, contrarily, the warrant was issued to search both the Falconridge

address and defendant’s person for drug dealing evidence. Further, the warrant

 - 12 -
 STATE V. WINCHESTER

 Opinion of the Court

affidavit, supported by the months-long police investigation, provided an independent

justification for detaining defendant. Because the officers here had independent

probable cause to arrest defendant in connection with the known drug dealing

evidence recovered from the trash pulls at the Falconridge residence or, at a

minimum, reasonable suspicion to believe defendant had been involved in dealing

drugs sufficient to justify briefly detaining and questioning him about that activity,

the justification for seizing him at Advance Auto was not limited to the issuance of

the warrant to search the Falconridge residence. Therefore, the trial court properly

denied defendant’s motion to suppress on the basis that his seizure was unreasonable.

D. Search of the Residence

 Defendant next asserts the trial court erred by denying his motion to suppress

because the search of the Falconridge residence was unreasonable. He argues “[t]he

officers deliberately waited until Defendant vacated the premises before breaking

open the door without knocking and announcing their presence,” thereby

substantially violating N.C. Gen. Stat. § 15A-249’s knock-and-announce requirement.

See N.C. Gen. Stat. § 15A-974(a)(2) (2017) (requiring the suppression of evidence if

“obtained as a result of a substantial violation of the provisions of . . . Chapter [15A]”

(emphasis added)). We disagree.

 N.C. Gen. Stat. § 15A-249 (2017) provides in pertinent part that an

 officer executing a search warrant must, before entering
 the premises, give appropriate notice of his identity and

 - 13 -
 STATE V. WINCHESTER

 Opinion of the Court

 purpose to the person to be searched, or the person in
 apparent control of the premises to be searched. If it is
 unclear whether anyone is present at the premises to be
 searched, he must give the notice in a manner likely to be
 heard by anyone who is present.

 N.C. Gen. Stat. § 15A-251 (2017) authorizes an officer to

 break and enter any premises . . . when necessary to the
 execution of the warrant if:

 (1) The officer has previously announced his identity
 and purpose as required by G.S. 15A-249 and
 reasonably believes either that admittance is being
 denied or unreasonably delayed or that the premises
 or vehicle is unoccupied; or

 (2) The officer has probable cause to believe that the
 giving of notice would endanger the life or safety of
 any person.

 Here, the trial court issued the following unchallenged findings as to the

officers’ execution of the search warrant on the Falconridge residence:

 41. . . . [P]rior to executing the Search Warrant upon the
 residence, Detective Stacy Garrell loudly announced three
 (3) times that officers would be entering the residence for
 purposes [of] execution of the search warrant by yelling
 “Sheriff’s Office, Search Warrant” prior to making entry
 into the [Falconridge] residence;

 42. . . . [A]fter waiting a reasonable time and hearing no
 response from any occupant that may be in the
 [Falconridge] residence, Detective Jeff Murphy made
 forced entry into the residence by use of a ramming
 device[.]

 - 14 -
 STATE V. WINCHESTER

 Opinion of the Court

 These binding findings establish the officers announced their presence

concordant with section 15A-249’s knock-and-announce requirement and “after

waiting a reasonable time and hearing no response” were authorized under section

15A-251 to break and enter into the residence. Defendant has failed to demonstrate

the officers’ execution of the warrant violated the challenged provision of Chapter

15A—much less amounted to a “substantial” violation necessary to justify

suppressing evidence under section 15A-974(a)(2). Therefore, the trial court properly

denied defendant’s motion to suppress on this basis.

E. Responses to Police Questioning

 Defendant next asserts the trial court erred by denying his motion to suppress

his responses to Detective Cole’s questioning at Advance Auto because they were

made while he was in custody and before he was advised of his Miranda rights. The

State first responds that Detective Cole’s questioning was permissible, and thus

defendant’s responses were admissible, under the “public safety” exception the

Miranda requirement. See Quarles, 467 U.S. at 655–56, 104 S. Ct. at 2631

(recognizing a “narrow exception to the Miranda rule” when police questioning is

limited solely to obtaining information necessary to secure public safety). The State

next argues that, even if the questioning exceeded Quarles’ narrow public safety

exception and therefore defendant’s responses should have been suppressed,

 - 15 -
 STATE V. WINCHESTER

 Opinion of the Court

defendant cannot establish prejudicial error. We agree any alleged error in the trial

court’s ruling was harmless beyond a reasonable doubt.

 Here, the trial court issued the following unchallenged findings:

 32. . . . [W]hile the defendant was still in investigative
 detention [at Advance Auto], including his being
 handcuffed and seated in the back seat of Deputy Phillips’
 patrol vehicle, Detective Cole asked the defendant several
 questions relative to the residence that was a subject of the
 Search Warrant;

 33. . . . [N]either Detective Cole or any other law
 enforcement officer informed the defendant of his rights
 pursuant to Miranda v. Arizona before questioning the
 defendant;

 34. . . . [T]he purpose for Detective Cole’s asking the
 defendant about the residence was to ascertain whether
 other subjects may be within the [Falconridge] residence,
 including children, and whether there may be firearms,
 aggressive dogs or other circumstances that may pose a
 danger to officers or other persons, consistent with the
 defendant’s history;

 35. . . . Detective Cole did not ask questions of the
 defendant for investigative purposes or for the purpose of
 eliciting inculpatory statements from the defendant;

 36. . . . [I]n response to Detective Cole’s questions, the
 defendant stated he had never been in the [Falconridge]
 residence, did not know anything about the [Falconridge]
 residence and disavowed any control over the residence.
 Detective Cole confronted the defendant about officers
 having observed the defendant leaving the [Falconridge]
 residence, which the defendant likewise denied[.]

 - 16 -
 STATE V. WINCHESTER

 Opinion of the Court

 Although defendant has not identified on appeal any particular incriminating

statement he made in response to Detective Cole’s questioning about the potential

safety concerns of executing the warrant to search the Falconridge residence,

defendant’s responses merely denied his knowledge of or involvement with that

residence. In light of the non-inculpatory nature of defendant’s responses, and the

State’s overwhelming evidence linking defendant to the Falconridge residence, even

if Detective Cole’s questioning exceeded Quarles’s narrow public safety exception to

the Miranda requirement, we conclude any error in the trial court’s ruling was

harmless beyond a reasonable doubt. Accordingly, we overrule this argument.

 III. Conclusion

 Because the warrant issued to search defendant and the Range Rover was

supported by probable cause, the trial court properly denied defendant’s motion to

suppress based on the validity of the warrant. Because the warrant and months-long

police investigation justified defendant’s detention independent from his status as an

occupant of a premises subject to a search warrant, the trial court properly denied

defendant’s motion to suppress on the basis that his seizure was unreasonable.

Because the trial court’s findings established that the officers’ execution of the search

warrant on the Falconridge residence complied with section 15A-249’s knock-and-

announce requirement, the trial court properly determined there was no

“substantial” Chapter 15A violation that would require the suppression of evidence

 - 17 -
 STATE V. WINCHESTER

 Opinion of the Court

under section 15A-974(a)(2). Finally, even if Detective Cole’s questioning fell outside

Quarles’ narrow public safety exception to the Miranda requirement, we conclude any

alleged error in the trial court’s ruling defendant’s responses were admissible was

harmless beyond a reasonable doubt in light of the non-incriminating nature of those

statements and the overwhelming evidence linking defendant to the Falconridge

residence. Accordingly, we affirm the trial court’s suppression order.

 AFFIRMED.

 Judges HUNTER, JR. and DAVIS concur.

 - 18 -